BARKDULL, Judge.
Appellant, plaintiff in the trial court, seeks interlocutory review of an order of the trial court transferring venue of the cause to the Circuit Court, First Judicial Circuit in and for Escambia County, Florida. The action in the trial court sought damages for breach of a lease. The order reads in part as follows:

“This Court finds that the Defendant is a resident of Escambia County, Florida, and has a right under Florida Statute 47.011, F.S.A. to be sued in the County where he resides, and therefore the Defendant’s Motion to transfer be and the same is hereby granted.”
* ‡ * * ‡
This is error. The plaintiff has the option to choose the forum; not the de *41 fendant. And, if the cause of action arises in Dade County, he has a right to elect to proceed in the courts of said County. See: Greyhound Corporation v. Rosart, Fla.App.1960, 124 So.2d 708, wherein the following is found:

“In Florida, the election of venue is with the plaintiff and although it may be more convenient to the defendant and possibly to the plaintiff that the action be prosecuted in another county or circuit, nevertheless, if the election is one which the plaintiff has properly exercised under the statute, then the election still remains his and not one which can be dictated by the defendant. * * * To hold otherwise would be to nullify the venue statute which gives the plaintiff the right to file his action in a particular place under certain specified conditions.”
>{« >Ji j{s i(i
Therefore, the order here under review be and the same is hereby reversed with directions to proceed with the matter.[1]
Reversed and remanded, with directions.

. The applicability of the doctrine of forum non conveniens, as recognized by § 47.122, Fla.Stat., F.S.A., was not presented in the trial court nor is the applicability of the doctrine reflected in the proceedings revealed by the record on appeal.