PER CURIAM.
Defendants take this interlocutory appeal to review an order vacating and setting aside a previous order transferring this cause to Lee County. Plaintiff Larry G. Joslin was injured in an automobile accident in Lee County. He filed a complaint in Dade County alleging that he became a quadriplegic as a result of this accident caused by the wrongful conduct of the defendants, Bock Industries of Florida,. Inc., Warren Brothers Company and Ashland Oil, Inc. Bock Industries[1] is a domestic corporation which has an office for the transaction of its customary business in Hillsborough County. Warren Brothers (the wholly owned subsidiary of Ashland Oil) is a foreign corporation which has an office and a representative in Lee County. Warren Brothers does not maintain an office in Dade County. Ashland Oil, a foreign corporation, maintains an office for the transaction of business and a division in Dade County. After receipt of the complaint, Ashland Oil and Warren Brothers filed motions to transfer this cause from Dade County to either Lee or Hillsborough County on the grounds that venue did not properly lie in Dade County and the doctrine of forum non conveniens required transfer of the action to either of the above counties. After argument on these motions, the trial judge on August 26, 1975 entered an order transferring the cause to Lee County. Plaintiff filed a petition for rehearing and a motion to vacate the transfer order alleging, inter alia, that the Lee County Courthouse does not provide adequate facilities for disabled persons like himself. Oral argument was had on this motion, and the trial judge entered the appealed order vacating his August 26 order and directing the cause to proceed in Dade County.
Appellants contend that the trial court erred in vacating its transfer order to Lee County thereby holding that Dade County is the proper forum to try the instant cause.
First, the plaintiff has the option of choosing the forum, not the defendant. Equilease Corporation v. Clifford, Fla. App.1971, 251 So.2d 40. Second, upon reading §§ 47.051 and 47.021, Fla.Stat.[2] together, Dade County is a proper forum in that Ashland has an office in this county. *857 Cf. Touchton v. Atlantic Coast Line Railroad Company, Fla.App.1963, 155 So.2d 738. Third, we must reject appellants’ argument that the court erred in not applying the principle of “mutuality of residency” as all the defendants in this case do not enjoy mutual residency. Last, we find no .abuse of discretion on the part of the trial judge in refusing to transfer this action pursuant to § 47.122, Fla.Stat. for the convenience of the parties. See Fixel v. Clevenger, Fla.App.1973, 285 So.2d 687, and Touchton, supra.
Affirmed.

. Not a party to this appeal.

. “47.051 Actions against corporations.
“Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an of- ' fice for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
“47.021 Actions against defendants residing in different counties.
“Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides.”