RAWLS, Acting Chief Judge.
By this interlocutory appeal,[1] appellant Department of Transportation challenges the trial court’s order denying a change of venue. The sole point on appeal is :
“Whether or not an action pursuant to a contract predicated upon Section 337.19, Florida Statutes, may be brought in a county other than Leon County, which is the headquarters of Appellant State of Florida Department of Transportation pursuant to Section 334.05, Florida Statutes, absent a waiver by the Appellant.”
The complaint, filed by appellee Chad-bourne in Escambia County, seeks damages pursuant to a contract with the Department of Transportation. The cause of action accrued in Escambia County. Florida Statute 337.19[2] is clear; suits at law upon a contract may be brought against the Department of Transportation within two years from and after the time of the completion of the work done and shall be brought in the county or counties where the cause of action accrued or in Leon County. By legislative decree, venue other than Leon County has been authorized in Department of Transportation contractual suits.
The Department of Transportation argues that the statute gives it the opportunity to be sued where the cause of action accrued, if it so desires, by waiving the right to be sued in Leon County. Such argument is fallacious in that the legislature, in its wisdom, eliminated the former “right” of the department to be sued only in Leon County. In support of its position, the department relies heavily upon this court’s opinion in State v. Negrin.[3] Negrin, which involved a suit in tort, clearly states:
“. . . It is apparent therefore that the language of F.S. 337.19(3) that ‘All actions and suits brought against the department * * * shall be brought in the county or counties where the cause of action accrued or in Leon County’ was intended to relate to actions contemplated by Chapter 337 Florida Statutes and not tort actions.” (emphasis supplied)
Interlocutory appeal dismissed.
McCORD and SMITH, JJ., concur.

. Florida Appellate Rule 4.2.

. Florida Statute 337.19 provides:
“337.19 Suits by and against department; limitation of actions; form.
“(1) Suits at law and in equity may be brought and maintained by and against the department on any claim under contract for work done; provided, that no suit sounding in tort shall be maintained against the department.
“(2) Suits against the department under this section can only be commenced within 2 years from and after the time of the completion of the work done.
“(3) All actions and suits brought against the department after July 9, 1969, shall be brought in the county or counties where the cause of action accrued or in Deon County.”

. State v. Negrin, 306 So.2d 606 (1 Fla.App.1975).