HENDRY, Judge.
Appellant, plaintiff below, brings this interlocutory appeal from an order of the Circuit Court of Dade County granting ap-pellees’, defendants below, motion to transfer the cause to the Circuit Court of Bro-ward County.
Appellant filed its complaint alleging, among other things, that appellee Prime Land Development Corporation executed and delivered a promissory note to it in Dade County, Florida, and that all of the other appellees personally guaranteed the note and the indebtedness. The note provided for payment by the maker or the guarantors to be made at the Central Bank of North Dade in Dade County, Florida. The complaint further alleged that a default in payment on the note occurred and, although a demand for payment pursuant to the default was made, none of the appel-lees have .made the demanded payments.
After the complaint was filed, appellees moved to transfer the cause to the Circuit Court of Broward County in view of a subsequently filed action pending in that court. On November 21, 1975, the trial court heard argument of counsel and determined that the entire case should be transferred. Thereafter, an order of transfer was entered from which appellant brings this interlocutory appeal.
Appellant argues that in an action on a note and guarantees, wherein the note was executed in Dade County and the note and guarantees provided that payment shall be made in Dade County, the Circuit Court of Dade County may not properly transfer the cause to the Circuit Court of Broward County, without plaintiff’s consent, upon a motion by defendants alleging that in a subsequently filed action in Broward County, which action was not instituted by the plaintiff, all the issues and facts could be heard and determined. Also, the suit in Broward County was filed by a party who is not a party to the instant action.
Our review of the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law leads us to agree with appellant’s contention that venue was properly in Dade County and that the trial court should not have transferred the cause to Broward County. See Mann v. Goodyear Tire and Rubber Company, Fla.1974, 300 So.2d 666; First International Realty Investment Corporation v. Cochran, Fla.App.1975, 314 So. 2d 214; Equilease Corporation v. Clifford, Fla.App.1971, 251 So.2d 40; and §§ 47.061, 47.122, and 47.163, Fla.Stat., 2 F.S.A. Therefore, for the reason stated and upon the authorities cited, the interlocutory order appealed is reversed.
Reversed.