PER CURIAM.
Appellants, William S. Marshall, Nelson C. Keshen and W. H. Stiles, d/b/a Marshall, Keshen & Stiles, take this interlocutory appeal from an order of the trial court changing venue to Volusia County, pursuant to a motion by defendant-appellee, Dr. James D. Upson.
Appellants filed a verified complaint for attorney’s fees, alleging that they were licensed Florida attorneys practicing in Dade County and that appellee was a resident of Volusia County; that appellee came to appellants’ offices in Dade County and there agreed to hire appellants to perform legal services in Dade County, for which appellee would pay to appellants at their offices a reasonable fee and related out-of-pocket expenses; that legal services were performed for appellee for which appellants have not been paid as agreed. Appellee filed an unverified motion to dismiss, alleging that the complaint was not brought in the county in which the defendant resides or where the cause of action accrued. The trial court heard oral argument and entered the order' herein appealed.
The uncontroverted facts as alleged in the verified complaint — that the cause of action accrued and the attorney’s fees were to be paid in Dade County — support venue in Dade County. Equilease Corp. v. Clifford, 251 So.2d 40 (Fla.3d D.C.A.1971); Ryder Leasing, Inc. v. Jorge, 168 So.2d 548 (Fla.3d D.C.A.1964). In light of these verified allegations, appellee had the burden of establishing the absence of venue by specific averments, which the record reflects appellee did not do.[1] Florida Forms, Inc. v. Barkett Computer Services, Inc., 311 So.2d 730 (Fla.4th D.C.A.1975); Permenter v. Bank of Green Cove Springs, 136 So.2d 377 (Fla.1st D.C.A.1962).
Therefore, the order here under review is reversed with directions to proceed with the cause.
Reversed.

. The applicability of the doctrine of forum non conveniens, Section 47.122, Fla.Stat. (1975), was not reflected in the proceedings revealed by the record on appeal.