352 So.2d 567 (1977)
ASHLAND OIL, INC., Macasphalt Corporation, Dunn Construction Company, Inc., Appellants,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION and Robert L. Shevin, Attorney General for the State of Florida, Appellees.
No. 77-893.
District Court of Appeal of Florida, Second District.
November 30, 1977.
*568 John W. Frost, II and Bruce Stone of Holland & Knight, Bartow, for appellants.
George L. Waas and H. Reynolds Sampson, Tallahassee, for appellee, Dept. of Transp.
Robert L. Shevin, Atty. Gen., and Joseph W. Lawrence, II, Asst. Atty. Gen., Tallahassee, for intervenor-appellee, Atty. Gen.
OTT, Judge.
We reverse the order of the trial court granting a change of venue from Polk County to Leon County.
Three separate suits were filed in Polk County by three separate corporate plaintiffs. The cases all arose out of action of the legislature providing for price adjustments of asphalt and state road work in the Bituminous Pricing Index Act of 1974 (Ch. 74-262, Laws of Florida). In 1976 the Florida legislature prescribed a new pricing formula and authorized the Florida Department of Transportation to take immediate steps to recoup the contract price adjustment paid under the 1974 act (Ch. 76-174, Laws of Florida).
Prior to the 1976 enactment, but pursuant to the 1974 pricing formula, the three corporate plaintiffs had been awarded construction contracts on certain state road projects located either totally or substantially in Polk County, Florida. The contracts were developed by, and were under the supervision of, the DOT office in Polk County. Payments made or due under the contracts and their reduction by the 1976 act, together with the obligation of the contractors to supply the DOT their records, became the subject of dispute between the contractors and the DOT. Ultimately the DOT issued letters to the contractors advising they would be stricken from the list of contractors eligible to bid on state work. The three contractors filed these actions which were consolidated in the trial court and in this court. The DOT then attacked the Polk County venue and sought to have venue transferred to the Second Judicial Circuit for Leon County.
The trial court granted the change of venue, reciting the following grounds: 1) because similar litigation was "concentrated in the Second Circuit;" 2) to prevent dissipation of judicial resources; and 3) for uniformity of interpretation and adjudication. This interlocutory appeal was taken from the trial court's order of transfer.
Appellees mount a two-fronted attack on appellants' choice of venue. Appellees argue that they have a "right" to be sued in Leon County, and, in any event, that the trial court was warranted in transferring the case to the more convenient forum in Leon County.
The first front of appellees' attack must fail. Appellees argue that the Florida Department of Transportation as an administrative agency has a venue right which, unless waived, requires that the agency be sued only in Leon County, the seat of that administrative agency. Under this attack, venue cannot properly be in Polk County. In Section 337.19(3), Florida Statutes (1975), the Florida Legislature waived the venue privilege in contract suits against the Department of Transportation. State Department of Transportation v. Edward M. Chadbourne, Inc., 333 So.2d 77 (Fla. 1st DCA 1976). We think it clear that under the facts of this case and the provisions of Section 337.19(3), the DOT's status as an administrative agency did not preclude venue in Polk County.
*569 The second front of the attack on Polk County venue was that even if venue properly lies in Polk County, the trial court was warranted in changing venue to the more convenient forum in Leon County. The judicial doctrine of forum non conveniens was replaced by Section 47.122, Florida Statutes (1975). Section 47.122 permits the court to transfer a case to another forum based upon two considerations: 1) the convenience of the parties or witnesses, and 2) the interests of justice. The discretion of the trial court under Section 47.122 is not unbridled and must be predicated upon a proper showing of these grounds. Accordingly, the party seeking change of venue under this statute must show that substantial inconvenience or undue expense to the parties will result in the forum chosen by the plaintiff, or that the forum may not afford a fair and impartial decision.
Under the facts of the case at bar, appellants chose proper venue in Polk County. Although DOT could have invoked Section 47.122 to change from this otherwise proper venue, it was incumbent upon DOT to make the proper showing of convenience or justice required by the statute. Neither the facts of this case nor any of the grounds recited by the court establish Leon County (the Second Judicial Circuit) as the forum of "convenience of the parties" or as being dictated "in the interest of justice."
No decision has come to our attention which approves the convenience of the courts as the sole basis for change of venue that is otherwise properly selected by the plaintiff. We are not inclined, nor do we believe the legislature intended, to extend statutory forum of convenience to such considerations.
The appellants having shown that the order of the trial court transferring venue to Leon County is not supported by the law or the facts of this case, that order is reversed.
BOARDMAN, C.J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.