The CARBORUNDUM COMPANY, POLLUTION CONTROL DIVISION

v.

BAY FABRICATORS, INC. and Bay Industries, Inc.

Civ. No. 3–78–267.

United States District Court, E. D. Tennessee, N. D.

Oct. 25, 1978.

On Motion to Transfer Nov. 8, 1978.

---

Bernard E. Bernstein, L. Caesar Stair, III, Knoxville, Tenn., for plaintiff.

Donald F. Paine, Knoxville, Tenn., Charles R. Porter, Jr., Corpus Christi, Tex., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Defendants Bay Fabricators and Bay Industries have moved the Court to dismiss this action for lack of personal jurisdiction. The defendants deny they have had the minimum contacts with Tennessee necessary for the exercise of personal jurisdiction. *International Shoe Company v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Court has carefully reviewed the affidavits and briefs submitted by the parties and has heard oral arguments on the motion.

▮ The personal jurisdiction of this Court is governed by Tennessee law. *Pickens v. Hess*, 573 F.2d 380 (6th Cir. 1978). Tennessee Code Annotated 20–235 allows Tennessee courts to exercise personal jurisdiction over nonresidents on "any basis not inconsistent with the constitution of this state or of the United States." Tenn.Code Ann. 20–235(f). This has been interpreted by both Tennessee courts and the Sixth Circuit to mean jurisdiction "to the full extent permitted by the Fourteenth Amendment." *Southern Machine Co. v.*

*Mohasco Industries, Inc.,* 401 F.2d 374, 377 (6th Cir. 1968); *W. B. Dunavant and Co. v. Perkins,* 498 S.W.2d 905 (Tenn.1973).

■ The case of *Southern Machine Co. v. Mohasco Industries, Inc., supra,* sets forth the criteria for determining whether a court's exercise of personal jurisdiction over a nonresident complies with due process. First, the nonresident defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Second, under ordinary circumstances the cause of action should arise from the defendant's activities in the forum state. Finally, the action of the defendants or the consequences caused by them must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

■ In the opinion of the Court, the activities of the defendants in this case, as stated by counsel for both parties during oral argument, meet these criteria. Representatives of the defendants came to Tennessee for the purpose of soliciting and establishing a business relationship with the Tennessee plaintiff. More than one general sales pitch were given by defendants' representatives to plaintiff in Tennessee. Defendants submitted bids on several of the construction subcontracts plaintiff had to offer. On at least one occasion representatives of defendants came to Tennessee to further negotiate one of these bids. As a result of their efforts, defendants were awarded at least two subcontracts with plaintiff involving substantial sums of money. One of these subcontracts is the basis of this lawsuit. Defendants' activities can be described as a course of conduct directed specifically toward a Tennessee resident by which defendants sought and achieved a continuing business relationship with that Tennessee resident. Much of this activity occurred in this state. Under these circumstances, this Court has personal jurisdiction over the nonresident defendants.

This case is not one where the nonresident has had only one business dealing with a resident. See *Pickens v. Hess,* 573 F.2d 380 (6th Cir. 1978). Nor is this a case involving a single magazine ad solicitation distributed in all 50 states. *See Beal v. Caldwell,* 322 F.Supp. 1151 (E.D.Tenn.1970). In this case, defendants came to Tennessee more than once, and made other mailings and phone calls, in a deliberate effort to obtain business from Tennessee. In such a case, personal jurisdiction over defendants is fair and reasonable.

For these reasons it is hereby ORDERED that defendants' motion to dismiss for lack of personal jurisdiction be, and the same hereby is, denied.

Order accordingly.

### ON MOTION TO TRANSFER

Defendants seek to move this case to the Southern District of Texas. Plaintiff resists the motion. Helpful briefs have been filed by the parties. The rules of law governing transfers are understandable and well established, but the application of those rules is sometimes difficult, as in the present case. One of the parties will necessarily suffer inconvenience and expense by whatever action the Court takes.

Title 28 U.S.C. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The parties agree that the action could have been brought in the Southern District of Texas, Corpus Christi or Houston Division. The determinative question is whether for the convenience of the parties, the convenience of the witnesses and in the interest of justice the case should be transferred to Texas.

■ Since plaintiff has the right to select his forum, the burden is upon the moving party to show that the case should be transferred for the convenience of the parties. *Leopard Roofing Co. v. Asphalt Roofing Industries Bureau,* 190 F.Supp. 726 (E.D.

Tenn.1960); *Blue Diamond Coal Co. v. United Mine Workers,* 282 F.Supp. 562 (E.D.Tenn.1968); *Vector Co., Inc. v. Urban Systems Develop. Corp.,* 360 F.Supp. 864, 865 (E.D.Tenn.1972).

The exercise of the power to change venue is in the sound discretion of the court to be exercised in the light of all the circumstances of the case. *Artisan Develop. v. Mountain States Develop. Corp.,* 402 F.Supp. 1312 (S.D. Ohio 1975).

Mr. Justice Jackson has written of the "private interest of the litigant." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In that opinion, Mr. Justice Jackson listed seven criteria for deciding a motion similar to the one before this Court: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the costs of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interest of justice. *Gulf Oil Corp. v. Gilbert, supra; Vector Co., Inc. v. Urban Systems Develop. Corp., supra; McCrystal v. Barnwell County, South Carolina,* 422 F.Supp. 219 (S.D.N.Y.1976).

Counsel for plaintiff has listed twelve witnesses which he expects to use in the trial, ten of whom live in Tennessee, in the Knoxville area, one in South Bend, Indiana, and another in Russell Springs, Kentucky. Counsel for defendants has indicated that he expects to use twenty-four witnesses, practically all of whom reside in Texas, in the Corpus Christi area. Counsel for defendants states in his brief that Bay Fabricators, Inc. has ceased functioning as a going concern and that its witnesses are no longer employees within its control. Nor are they in the control of Bay Industries, Inc.

Counsel for the plaintiff states that he has communicated with the clerks of the courts in Corpus Christi and Houston and that the dockets in those courts are congested to the extent that it will take two years in the Corpus Christi court to get the case to trial and a year and a half to get a trial in the Houston court. If the case is tried in the Knoxville court, it would be tried much sooner than the periods indicated for the Corpus Christi and Houston courts.

As indicated, the determinative factors in reaching a decision are: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interest of justice.

In the opinion of the Court, these factors weigh in favor of the defendants. The defendants can present their case only through the testimony of their former employees, over whom neither they nor this Court have any power. Since most of defendants' potential witnesses live near Corpus Christi, Texas, defendants reasonably fear that the only practical method of presenting their testimony to this Court would be by deposition. Deposition testimony is not as satisfactory as oral testimony, particularly in a jury trial. It would not be in the interest of justice to place defendants in the position of building their case by deposition while their adversary has the advantage of live testimony. On the other hand, if the trial were held in Corpus Christi, defendants' witnesses would presumably be more willing to appear in person, and, if not, the Corpus Christi court could compel their presence. Plaintiff would still have the benefit of live testimony also, since plaintiff's potential witnesses are, for the most part, still in its employ.

Finally, the operative facts in the case occurred principally in Texas. The work on the job occurred in Corpus Christi, Texas; the personnel who did the work on the job live in and around Corpus Christi; and the work records concerning the job are located in Corpus Christi.

After careful consideration of the motion, the briefs in support of and in opposition to, same, the Court concludes that this case, for the convenience of the parties, the convenience of the majority of the witnesses and in the interest of justice, should be transferred to the United States District Court for

the Southern District of Texas, Corpus Christi Division. It is so ORDERED.

Order Accordingly.