388 So.2d 1287 (1980)
Coleman P. HOUCHINS, Jr., Appellant,
v.
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, Appellee.
No. 80-390.
District Court of Appeal of Florida, Third District.
September 30, 1980.
*1288 Philip Auerbach, Greene & Cooper and Robyn Greene, Miami, for appellant.
Goodwin, Ryskamp, Welcher, Carrier & Donoff and Arthur M. Simon, Miami, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
In 1977, Houchins' legs were severed when he was struck by a train operated by the Florida East Coast Railway Company (FEC). Houchins sued FEC in Broward County where the accident occurred. After his suit was dismissed, Houchins, with leave of court, filed an amended complaint. No further pleadings were filed until Houchins voluntarily dismissed his suit in Broward and filed his action in Dade County. It is undisputed that Houchins was entitled to voluntarily dismiss his Broward action[1] and that venue was proper in either Broward or Dade County.[2]
The railroad moved to change the venue back to Broward. Its argument in support of the change was (1) a trial in Dade would result in substantial inconvenience and undue expense to the parties and witnesses; (2) the incident occurred in Broward and "the circumstances and physical surroundings regarding the alleged incident would best be known to a jury composed of Broward County residents"; (3) a jury view of the scene of the accident would be required; (4) the primary issue in the case was that of liability, not damages, and, therefore, Houchins' claimed need to call approximately fifty medical witnesses located in Dade was exaggerated; (5) Houchins made no showing that he would be prejudiced by having the case tried in Broward; and (6) the action was originally brought in Broward, and it is apparent that Houchins, displeased with the ruling of the Broward court dismissing his initial complaint, was "forum shopping."
*1289 The trial court granted the railroad's motion. Its findings were:
"1. That for the convenience of the parties, witnesses, and, in the interests of justice, and with the acts, conduct, cause of action, and location of the accident sued upon being in Broward County, this litigation should be sent back to the venue in which it was first filed, i.e., Broward County.
"2. The Plaintiff's original action was brought in Broward County, and based upon Defendant's Motion to Dismiss, Plaintiff's Complaint was thereafter dismissed, without prejudice to file an Amended Complaint in the Broward County Circuit Court; the Plaintiff thereafter filed an Amended Complaint in the Broward County Circuit Court on December 1, 1979, and immediately thereafter, filed a Notice of Voluntary dismissal in the Broward County Circuit Court on December 5, 1979, thereby selecting another forum away from the place of the alleged tort sued upon and where this Court finds there would be inconvenience and expense to the parties and witnesses and where the interests of justice would not be served.
"3. This Court's broad discretionary powers have now been properly invoked to prevent an abuse, by the Plaintiff, of the Venue Statutes, and by sending the case back to the Court in which it was originally filed, this Court has hereby afforded an appropriate safeguard against forum-shopping or some other attempted promiscuous use of the venue laws.
"4. This Court finds that Section 47.122 of the Florida Statutes, justifies and requires that this case be transferred to Broward County because to do otherwise would result in substantial inconvenience and undue expenses to the litigants and the witnesses and, further, would allow Plaintiff to forum-shop in a manner contrary to the intent of the venue statutes and Florida case law pertaining to those statutes."
It is abundantly clear from the record that any claim by the railroad that the convenience of the parties or witnesses would be served by a transfer to Broward County is sadly deficient. Houchins had been treated at the Veteran's Administration Hospital in Miami, Dade County, since shortly after the accident. He underwent extensive medical and psychological treatment and rehabilitative training in Dade County during the course of which nearly fifty physicians, psychologists, specialty care nurses, consultants, physical therapists and other health care personnel were involved. As of January 1980, Houchins was to reside full time in the Veteran's Administration Hospital in Dade County to undergo additional amputations on his legs, which surgery and treatment would involve five more Dade County surgeons and physicians. The train's engineer was a Dade County resident; Houchins' friend and brother, both residents of Dade County, were the two persons best able to testify to his condition before and after the accident. Indeed, the only Broward County witnesses were seven police officers who came to the scene after the accident occurred.[3] The burden of FEC, as the party seeking the change of venue, to show that substantial inconvenience or undue expense to the parties would result from a trial in Dade County, the forum chosen by Houchins, was simply not satisfied. See Ashland Oil, Inc. v. Florida Department of Transportation, 352 So.2d 567 (Fla. 2d DCA 1977); Velez v. Mell D. Leonard & Associates, Inc., 338 So.2d 896 (Fla. 2d DCA 1977). The trial court's contrary finding is unsupported by the record.
The fact that the incident occurred in Broward County makes venue proper there, but does not make Dade a forum non conveniens. When venue is proper in more than one county, as is the case here, the choice of where to file suit rests with the plaintiff. Mann v. Goodyear Tire & Rubber Company, 300 So.2d 666 (Fla. 1974); Velez v. Mell D. Leonard & Associates, Inc., supra; Warren Brothers *1290 Company v. Joslin, 338 So.2d 855 (Fla. 3d DCA 1976). See also Jones v. Denmark, 259 So.2d 198 (Fla. 3d DCA 1972). FEC argues, however, that it is not merely that the incident occurred in Broward that dictates a change to that county, but that the incident is such that the case can be best decided by a jury composed of Broward County residents with special knowledge of the physical surroundings where the accident occurred. This argument not only does not satisfy the railroad's burden to show that it would be substantially inconvenienced by a trial in Dade, but, moreover, to accept the argument would be to sanction the railroad's entitlement to a jury's knowledge of the facts outside of the record in the case. While a juror is not required to disabuse his mind of knowledge about the place where the accident occurred, he is not permitted to become a witness in the jury room by imparting such knowledge to other jurors. Edelstein v. Roskin, 356 So.2d 38 (Fla. 3d DCA 1978). See also Ace Cab Company v. Garcia, 140 So.2d 338 (Fla. 3d DCA 1962) (misconduct for a juror without court permission to view the place where the accident occurred); 4 Wigmore, Evidence § 1166 (Chadbourn Rev. 1972) (a view not had under the direction of the court is improper because of the danger that the jury will view the wrong objects, and because of the difficulty of ascertaining that the jury has viewed the right objects). Thus, while a juror is not necessarily disqualified from serving if fortuitously familiar with the scene of the accident, a party is clearly not entitled to a jury composed of persons with such specialized knowledge.
Assuming, arguendo, that a view by the jury of the scene of the accident will ultimately be required, that fact alone cannot justify a transfer to Broward County.[4] Were the law otherwise, then all cases in which a view is appropriate would, ipso facto, be transferable to the county where the cause of action accrued, thus defeating the statutory right of a plaintiff to choose a forum other than where the cause of action accrued.
To avoid the impact of the substantial inconvenience to Houchins arising from the fact that all (some fifty to sixty) witnesses on the damage issue are located in Dade County, FEC categorizes the damage issue as secondary and suggests that the real battle will be fought on the issue of liability. That may prove to be the case, but the railroad has not conceded Houchins' entitlement to the damages he seeks, and Houchins is still called upon to prove his damages through these Dade County witnesses.
The railroad's further contention that Houchins made no showing that he would be prejudiced by having the case tried in Broward County simply misconceives the law respecting the burden placed upon the party moving for transfer. It was not Houchins' burden to show that a trial in Broward County would work a prejudice to him. It was the railroad's burden to show that a trial in Dade would work a substantial inconvenience to it. Ashland Oil, Inc. v. Florida Department of Transportation, supra; Velez v. Mell D. Leonard & Associates, Inc., supra; Warren Brothers Company v. Joslin, supra.
Lastly we address the railroad's argument, apparently convincing to the trial court, that considerations of substantial inconvenience aside, Houchins' lawsuit should be relegated to Broward County, where he originally sued,[5] since to do otherwise would *1291 be to encourage "forum shopping."[6] We reject this argument as well. Houchins' right to choose a forum is accorded to him by statute. As we have said, the mere fact that he chose Broward first posed no barrier to a timely voluntary dismissal and refiling in Dade.
If a defendant seeks to be relieved from the plaintiff's choice of forum, his exclusive remedy lies in demonstrating his entitlement to transfer under Chapter 47, Florida Statutes. Sage v. Travelers Indemnity Company of Hartford, 239 So.2d 831 (Fla. 4th DCA 1970). If a defendant, as here, fails in that showing, the plaintiff's choice of forum controls. A court cannot give the defendant greater rights than the legislature has seen fit to grant in this statutory scheme by pejoratively describing the plaintiff's exercise of his statutory right to choose a forum as "forum shopping." The use of the phrase "forum shopping" is simply inappropriate in the context of the venue statutes.[7]
Accordingly, we reverse the order of the trial court transferring the case to Broward County.
Reversed.
NOTES
[1] Fla.R.Civ.P. 1.420(a)(1)(i); Fears v. Lunsford, 314 So.2d 578 (Fla. 1975).
[2] Section 47.051, Florida Statutes (1979), states:

"Actions against domestic corporations shall be brought only in the county where such corporation has or usually keeps an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located." (emphasis supplied).
The FEC maintains a business office in Dade County; the cause of action accrued in Broward County.
[3] The crewman on the train resided in Duval County. A trial in Broward County would be no more convenient for him than a trial in Dade.
[4] The need for a view could arguably be considered a factor in assessing expense. In the present case, any additional expense is de minimus in comparison to the inconvenience which would inure to Houchins were the case to be tried in Broward County. The difference between busing the jury from the courthouse in Broward or from the courthouse in Dade to the site to be viewed is insignificant.
[5] The fact that a plaintiff originally filed suit in one venue could under certain circumstances be considered as evidence of his preference or a concession that that venue was a substantially more convenient forum. See Lemon v. Druffel, 253 F.2d 680 (6th Cir.1958) (in which all other evidence pointed to the fact that the original forum chosen by the plaintiff was the substantially more convenient forum for both parties). Compare Hayes v. Chesapeake & Ohio Railway Co., 374 F. Supp. 1068 (S.D.Ohio 1973). But the law is clear that a plaintiff is not bound by his choice of forum. See, e.g., Philip Carey Manufacturing Co. v. Taylor, 286 F.2d 782 (6th Cir.1961) (recognizing and applying the accepted rule that even after a plaintiff has chosen a forum, he may move to transfer the cause to a more convenient forum).
[6] It is difficult to accept the railroad's suggestion that the plaintiff abandoned his Broward County suit over displeasure at the trial court's granting a motion to dismiss with leave to amend, a rather innocuous ruling.
[7] We do not overlook that under Section 47.122, Florida Statutes (1979), a court may transfer a case in "the interests of justice." But "interests of justice" is merely an alternative ground for transfer under established principles of law, not a panacea for ailing motions or the erroneously perceived injustice of "forum shopping." See, e.g. Carborundum Corporation, Pollution Control Division v. Bay Fabricators, Inc., 461 F. Supp. 437 (D.Tenn. 1978) (transfer to a forum where the defendant could compel the attendance of live witnesses to offset an otherwise unfair advantage to the plaintiff); Aguacate Consolidated Mines, Inc. v. Deeprock, Inc., 566 F.2d 523 (5th Cir.1978) (transfer to forum where action not limitations barred); Vaughn v. American Basketball Association, 419 F. Supp. 1274 (S.D.N.Y. 1976) (transfer to forum where law of state within the federal district would require interpretation); Smithline Corp. v. Sterling Drug, Inc., 406 F. Supp. 52 (D.Del. 1975); and Continental Grain Co. v. Barge FBL-585, 364 U.S. 14, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960) (transfers to forum in which related case involving identical issue pending). But see Ashland Oil, Inc. v. Florida Department of Transportation, supra (holding that the convenience of the court is not a ground for transfer).