FERGUSON, Judge.
Plaintiffs-appellants, Ken A. Taylor, a minor, and his father Leo A. Taylor, appeal from a court order granting defendants-ap-pellees’ motion for a change of venue and transferring the action from Dade County to Osceola County.[1]
Appellants originally sued Fay Lee Tong, Norman J. Dasilva, State Farm Mutual Automobile Insurance Company, and Fireman’s Fund Insurance Company in Dade County Florida alleging serious and permanent injury to Ken Taylor caused when motor vehicles operated by Tong and Dasil-va each struck the vehicle in which Ken Taylor was riding. The accident occurred in Osceola County. Ken, who was severely burned, was taken to a hospital in Orlando County and within twenty-four hours transferred to Jackson Memorial Hospital in Dade County.
 Under Section 47.122, Florida Statutes (1979),[2] a defendant seeking a change of venue bears the burden of proving that substantial inconvenience or undue expense to the parties would result from trial in the forum chosen by the plaintiff and that a change is therefore required for the convenience of the parties or witnesses. Houchins v. Florida East Coast Railway, Co., 388 So.2d 1287 (Fla. 3d DCA 1980); Ashland Oil, Inc. v. Florida Department of Transportation, 352 So.2d 567 (Fla. 2d DCA 1977). When venue is proper in more than one county, the choice rests with the plaintiff, Houchins, supra at 1289, and should not be disturbed without a showing of substantial inconvenience or the likelihood of injustice. Ashland Oil, Inc., supra at 569.
In their motion for change of venue, ap-pellees state:
1. The subject action should be abated or transferred to the Circuit Court located in Osceola County, Florida for the reason that venue is improper in Dade County or the present forum is inconvenient.
2. The Defendant TONG is a resident of Osceola County; the accident happened in Osceola County, the Defendant, DA-SILVA, is a resident of New Jersey; and, witnesses are located in Osceola County.
3. Plaintiffs are not residents of the State of Florida and the only connection between the subject action and Dade County, Florida is Plaintiffs’ attorney.
Appellees filed no affidavit or memorandum in support of these statements. Appellants, on the other hand, filed affidavits and a memorandum challenging the factual basis of the motion for change of venue on the grounds that no defendant is a resident of Florida,[3] there exists a strong connection with Dade County in that appellant, Ken Taylor, was treated in a Dade County hospital for injuries received in the accident, and *1163 plaintiffs-appellants’ primary witnesses are located in Dade County. In the affidavit, appellants list numerous medical witnesses, eyewitnesses, and other witnesses who are residents of Dade County. Appellees provide no indication of the name or number of witnesses who allegedly reside in Osceola. The record indicates only one such witness, the former defendant Tong. Osceola County is neither adjacent to Dade County nor is it the home of all the parties. Cf. Della-Donna v. Gore Newspaper Co., 390 So.2d 87 (Fla. 3d DCA 1980) (Broward and Dade Counties are adjacent, Broward County residence of all parties); Bassett v. Talquin Electric Cooperative, Inc., 362 So.2d 357 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla.1979) (even between adjacent counties, transfer improper without required showing of inconvenience).
Although a grant or refusal of application for change of venue is generally within the sound discretion of the trial court, the discretion of the court is not unbridled and must be predicated upon a proper showing of convenience or interests of justice. Ashland Oil, Inc., supra at 569. On this record, however, it is clear that appellees have not met the required burden of showing that the forum selected by the plaintiffs will result in substantial inconvenience, undue expense or the likelihood of injustice.
Reversed and remanded for proceedings consistent with this opinion.

. We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(A).

. Section 47.011, Florida Statutes (1979), providing that an action may be brought in the county where the action accrued, does not apply here because both parties are non-residents and is properly not relied upon on appeal.

.Defendant Tong had apparently settled and was no longer a defendant at this point.