PER CURIAM.
Appellant, McKenzie Tank Lines, Inc., appeals a non-final order denying a motion to transfer venue. We affirm.
It is well settled that the trial court’s determination on venue is presumptively correct. Ryder Truck Rental, Inc. v. Ray, 418 So.2d 294 (Fla. 3d DCA 1982), review denied sub nom., B.F. Goodrich v. Ray, 427 So.2d 736 (Fla.1983); Taylor v. Dasilva, 401 So.2d 1161 (Fla. 3d DCA 1981). In close cases, the appellate court should defer to the judgment of the trial court. Hu v. Crockett, 426 So .2d 1275, 1281 (Fla. 1st DCA 1983).
When venue is proper in more than one county, it is the plaintiffs choice where to file suit. Houchins v. Florida East Coast Ry., 388 So.2d 1287, 1289 (Fla. 3d DCA 1980). The trial court’s ruling should not be disturbed absent a showing of substantial inconvenience or the likelihood of injustice. Taylor, 401 So.2d at 1162.
Appellant has not established either a showing of substantial inconvenience or the likelihood of injustice by the trial court’s denial of the motion to change venue. Accordingly, we affirm the trial court’s order.
Affirmed.