COBB, Judge.
The sole issue on this appeal is whether the trial court erred in granting Post 10164’s motion to transfer venue from Putnam County to Marion County.
On November 29,1994, Gloria Starita[1] filed a complaint against Post 10164 and Virginia Mullins, Kathleen Freaney and David Rye.[2] The action was brought pursuant to section 768.16, Florida Statutes (1991). Mullins was a permanent bar manager for the VFW and Freaney was a bartender.[3]
According to the complaint, on November 28,1992, VFW Post 10164 (located in Putnam County) served Gerald Conrad alcoholic beverages and later, while he was operating a motor vehicle in Marion County, he collided with Mary Jade Brown causing her death. Starita claimed that the defendants “knew, or had reason to know, that [Conrad] was habitually addicted to the use of alcoholic beverages” and that at the time in question knew or had reason to know he was “drunk or intoxicated in direct violation of section 768.125, Florida Statutes (1991).”
On June 13,1995, Post 10164 filed a motion to transfer venue from Putnam to Marion County pursuant to section 47.122, Florida Statutes. In support, Post 10164 alleged that Starita had filed an identical action in Marion County during which hearings and discovery occurred. Additionally, Post 10164 pointed out that Judge Angel from Marion County was familiar with the case and that Starita was “forum shopping.” Finally, Post *522 10164 maintained that trying the case in Marion rather than Putnam would not be inconvenient for the witnesses or parties.
Starita countered that section 47.122 only allowed a venue change where the movant could demonstrate a substantial inconvenience/undue expense or where the forum chosen by the plaintiff would not afford a fair and impartial decision. Starita maintained that neither reason was established by Post 10164.
On September 20,1995, the court rendered an order granting Post 10164⅛ motion to transfer venue from Putnam to Marion County:
... due to the complexity of the issues involved, the disputes regarding discovery, the fact that Judge Carven Angel has orders outstanding at this time, the fact that an appeal is currently pending on the Marion County case, and the fact that numerous pleadings were previously filed during the ten months it was litigated in Marion County, that the interests of justice are indeed better served by transferring this case back to Marion County.
In Houchins v. Florida East Coast Railway Co., 388 So.2d 1287 (Fla. 3d DCA 1980), a plaintiff dismissed his action in Broward County and later filed in Dade County. The railroad filed a motion to change venue to Broward County and the motion was granted by the court. On appeal, the Third District reversed indicating that the railroad failed to show substantial inconvenience or undue expense.
In the instant case, as in Houchins, Post 10164’s attempt to be relieved of Starita’s statutory right to choice of forum is unavailing. Most of the defendants and Starita reside in Putnam County. The majority of witnesses reside in Putnam with only two residing in Marion County, and Starita has stipulated to allowing all work product in the prior Marion County case to be used in the current Putnam County case. Finally, counsel for Post 10164 could not guarantee that Judge Angel would be assigned if the case were transferred.
Accordingly, the order granting Post 10164’s motion for a change of venue is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
GOSHORN and HARRIS, JJ., concur.

. Personal Representative of the Estate of Mary Jade Brown.

. Rye was later dismissed as a party defendant.

. Previously, Starita had filed a nearly identical action in Marion County, with only Post 10164 named as a defendant. On October 7, 1994, Starita moved to amend the complaint to add Mullins and Freaney as parties. This motion was denied and Starita filed a notice of voluntary dismissal without prejudice.