# Third District Court of Appeal

## State of Florida

Opinion filed June 6, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2611
Lower Tribunal No. 17-3287
_____

**Olga Gonzalez,**
Appellant,

vs.

**Hilton Palm Beach Airport Hotel, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Alfaro & Fernandez, P.A., and Elbert Alfaro, for appellant.

Cole, Scott & Kissane, P.A., and Scott A. Cole and Lissette Gonzalez, for appellees.

Before EMAS, FERNANDEZ and LUCK, JJ.

PER CURIAM.

Olga Gonzalez ("Gonzalez"), plaintiff below, appeals the trial court's order granting defendants' motion to transfer venue and transferring the action to Palm Beach County, pursuant to section 47.122, Florida Statutes (2017), which provides: "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."

The defendants' motion and the affidavit in support focused on the purported inconvenience to the parties or witnesses if the case remained in Miami-Dade County. Indeed, the only discussion at the hearing on the motion was limited to whether defendants had established substantial inconvenience to the parties or to the witnesses. The trial court's order contained no findings.

The burden was upon defendants to establish substantial inconvenience to the parties or to the witnesses. As we held in Taylor v. DaSilva, 401 So. 2d 1161, 1162-63 (Fla. 3d DCA 1981):

> Under Section 47.122 . . . a defendant seeking a change of venue bears the burden of proving that substantial inconvenience or undue expense to the parties would result from trial in the forum chosen by the plaintiff and that a change is therefore required for the convenience of the parties or witnesses. When venue is proper in more than one county, the choice rests with the plaintiff, and should not be disturbed without a showing of substantial inconvenience or the likelihood of injustice.

. . .

2

> Although a grant or refusal of application for change of venue is generally within the sound discretion of the trial court, the discretion of the court is not unbridled and must be predicated upon a proper showing of convenience or interests of justice.

(Internal citations omitted).

And in P.V. Holding Corp. v. Tenore, 721 So. 2d 430, 431 (Fla. 3d DCA 1998) we observed:

> It is well established that where venue is proper in more than one county, the choice of forum rests with the plaintiff. However, while a plaintiff's choice of forum is entitled to respect, that choice is not paramount. The plaintiff's venue privilege will not be honored where the convenience of the parties or witnesses, or the interests of justice, require the action to be transferred.

(Internal citations omitted).

Upon our review of the record, the affidavit submitted by defendants in support of their motion is legally insufficient to meet their burden of establishing substantial inconvenience to the parties or witnesses. Given that the record is devoid of any indication that the trial court granted the motion "in the interest of justice," we reverse the order and remand for the trial court to consider whether to transfer venue on any other basis asserted in the motion, including whether the interests of justice require the action to be transferred. We express no opinion on this issue.

Reversed and remanded with instructions.

3