# Third District Court of Appeal

## State of Florida

Opinion filed April 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1580
Lower Tribunal No. 23-18796-CA-01
_____

**Albert J. Santoro**,
Appellant,

vs.

**PJT Holdings, LLC, etc., et al.**,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Sachs Sax Caplan, and Jeremy Dicker (Boca Raton), for appellant.

Kula & Associates, P.A., and Elliot B. Kula and W. Aaron Daniel, for appellee PJT Holdings, LLC.

Before EMAS, BOKOR and GOODEN, JJ.

PER CURIAM.

Albert Santoro appeals an order denying his motion to transfer venue from Miami-Dade County to Palm Beach County based on forum non conveniens, pursuant to section 47.122, Florida Statutes (2023). See § 47.122, Fla. Stat. ("For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."). We review such an order for an abuse of discretion, Zoberg v. Hu, 359 So. 3d 860 (Fla. 3d DCA 2023), and hold that Santoro has failed to establish the trial court abused its discretion in denying the motion. See, e.g., id. at 862 ("A plaintiff's forum selection is presumptively correct, and in order to successfully challenge that selection, the burden is upon the defendant to show either substantial inconvenience or that undue expense requires a change for the convenience of the parties or witnesses.") (quoting Gov't Emps. Ins. Co. v. Burns, 672 So. 2d 834, 835 (Fla. 3d DCA 1996)); see also Imperial Paving, LLC v. Trujillo, 400 So. 3d 49 (Fla. 3d DCA 2024); R.J. Reynolds Tobacco Co. v. Mooney, 147 So. 3d 42 (Fla. 3d DCA 2014); MRI Assocs. of Brandon, LLC v. Geico Gen. Ins. Co., 384 So. 3d 309 (Fla. 5th DCA 2024); Ford Motor Co. v. James, 33 So. 3d 91 (Fla. 4th DCA 2010).

Affirmed.

GOODEN, J. (specially concurring).

I concur as the trial court did not abuse its discretion in denying the motion to transfer venue.  I write separately to address our precedent not following the plain text of the statute.

Section 47.122, Florida Statutes, simply states:  "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."  By this plain text, venue can be changed on three considerations: (1) the convenience of the parties; (2) the convenience of the witnesses; or (3) in the interest of justice.

But our precedent requires *more*—the defendant to show "substantial inconvenience or undue expense."  See Zoberg v. Hu, 359 So. 3d 860, 862 (Fla. 3d DCA 2023); Marques v. Garcia, 245 So. 3d 900, 904 (Fla. 3d DCA 2018); Gonzalez v. Hilton Palm Beach Airport Hotel, 248 So. 3d 1236, 1237 (Fla. 3d DCA 2018); R.J. Reynolds Tobacco Co. v. Mooney, 147 So. 3d 42, 43 (Fla. 3d DCA 2014); Commodore Realty, Inc. v. Classic Carpet & Tile, Inc., 843 So. 2d 359, 359 (Fla. 3d DCA 2003); Gov't Emps. Ins. Co. v. Burns, 672 So. 2d 834, 835 (Fla. 3d DCA 1996); Taylor v. Dasilva, 401 So. 2d 1161, 1162 (Fla. 3d DCA 1981).  Accord Regions Fin. Corp. v. Mercenari, 78 So.

3

3d 1, 2 (Fla. 3d DCA 2011) ("substantial inconvenience"); McKenzie Tank Lines, Inc. v. Valdes, 625 So. 2d 1330, 1330 (Fla. 3d DCA 1993) ("substantial inconvenience or the likelihood of injustice"); Levy v. Hawk's Cay, Inc., 505 So. 2d 24, 25 (Fla. 3d DCA 1987) ("substantial inconvenience").

This requirement appears to have originated in Ashland Oil, Inc. v. Florida Department of Transportation, 352 So. 2d 567 (Fla. 2d DCA 1977). Our sister court merged the convenience of the parties and witnesses into one showing. Id. at 569. It then created the additional requirement of showing "substantial inconvenience or undue expense." Id. See generally Hu v. Crockett, 426 So. 2d 1275, 1280 (Fla. 1st DCA 1983) (discussing Ashland Oil, Inc., 352 So. 2d 567).

Our Court first mimicked this language in Houchins v. Florida East Coast Railway Co., 388 So. 2d 1287 (Fla. 3d DCA 1980). But this language is not tethered to the text of the statute. Adding words or requirements not mandated by the Legislature violates separation of powers under our constitution. See Art. II, § 3, Fla. Const.; Fla. Dep't of Revenue v. Fla. Mun. Power Agency, 789 So. 2d 320, 324 (Fla. 2001) ("Under fundamental principles of separation of powers, courts cannot judicially alter the wording of statutes where the Legislature clearly has not done so. A court's function is to interpret statutes as they are written and give effect to each word in the

4

statute."); <u>Hayes v. State</u>, 750 So. 2d 1, 4 (Fla. 1999) ("We are not at liberty to add words to statutes that were not placed there by the Legislature.").

We should reexamine our precedent and return to the plain text of the statute. It is our job to simply apply the law as written. <u>See</u> <u>State v. Poole</u>, 297 So. 3d 487, 507 (Fla. 2020) ("We believe that the proper approach to *stare decisis* is much more straightforward. In a case where we are bound by a higher legal authority—whether it be a constitutional provision, a statute, or a decision of the Supreme Court—our job is to apply that law correctly to the case before us. When we are convinced that a precedent clearly conflicts with the law we are sworn to uphold, precedent normally must yield.").