## HANSEN v. NASH–FINCH CO.
### Civ. A. No. 3158.

United States District Court
D. Minnesota, Fourth Division.

Jan. 6, 1950.

C. E. Warner, Paul J. McGough, and Wright W. Brooks, all of Minneapolis, Minn. (Faegre & Benson, of Minneapolis, Minn., of counsel) for the defendant in support of the motion.

Charles F. Noonan, Henry Halladay, and W. F. Marquart, all of Minneapolis, Minn. (Dorsey, Colman, Barker, Scott & Barber, of Minneapolis, Minn., and Gallop, Climenko, Gould & Lynton, of New York City, of counsel), for the plaintiff in opposition thereto.

NORDBYE, Chief Judge.

This case comes before the Court on defendant's motion for a change of venue under Section 1404, Title 28 U.S.C.A.

■ The motion presents a somewhat close question under the new section of the Code which permits the Court to grant a change of venue in the interest of justice and for the convenience of the parties and witnesses. It is conceded that this action could have been lodged in the Northwestern Division of the District of North Dakota. Presumably, the only reason why the action is instituted in Minnesota is because plaintiff's local counsel reside here and Minneapolis may be somewhat more convenient as a forum for plaintiff and his two medical witnesses who reside in New York. Plaintiff appears to be a resident and citizen of that State. I am entirely mindful of the principle that plaintiff's choice of forum should not be disturbed unless the showing strongly balances in favor of the transfer. This was indicated clearly in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. However, many of the fears expressed in the dissent in that case no longer apply in view of the provisions of Section 1404 which permit a transfer without dismissing the action, as had to be done under the doctrine of forum non conveniens.

It appears that defendant's home office is located in Minneapolis and plaintiff was fully privileged to institute this action in this forum. It must be recognized that, in certain types of litigation against this defendant, this forum would be entirely appropriate. But the showing herein indicates that every witness, except the two medical men in New York and the plaintiff, reside near Minot, North Dakota. The accident happened there. The laws of negligence and the applicable rules govern-

ing damages will be controlled by the laws of that State. If the case were tried in Minnesota, the Court would have to apply the North Dakota law. Minot is some 485 miles from Minneapolis. All of the witnesses called to testify, except those who reside in New York, will be required to travel about one-third as far as the New York witnesses. Our Federal Court jury calender in Minneapolis is considerably more crowded that the jury calendar in the Federal Court in Minot. Witnesses coming from Minot to Minneapolis would have the problem of hotel accommodations, the waiting period usually involved before the case is called for trial, the travel and subsistence expense, and the general inconvenience to which all witnesses are subjected whenever they are called away from their homes and work. Undoubtedly, the attendance of some of the witnesses would not be required. But it is fair to assume that a substantial number of persons would be required to leave their homes in Minot and travel the 485 miles to Minneapolis if this case were retained here.

Plaintiff earnestly contends, however, that the convenience to the doctors in New York and to himself in having the case tried in Minneapolis outweighs the inconvenience which may inure to the other witnesses. The inconvenience in making connections with the plane service to Minot from Minneapolis is emphasized. But the showing indicates that there is daily plane service to Minot from Minneapolis, and in view of the number of planes operating between New York and Minneapolis, there should be no substantial delay in making connections with a plane to Minot upon arrival in Minneapolis from New York.

The remaining matter to which consideration should be given pertains to the delay in obtaining a trial if the case is transferred to Minot. The next term in Minneapolis convenes in March, and in Minot the next term will not convene until October. This accident happened in September, 1949. Plaintiff is now confined in a hospital in the East. He will be released before March, 1950, but he will not be ambulatory, and in view of these circumstances, the delay occasioned by a trial in October should not unduly prejudice plaintiff. In fact, the medical witnesses will probably be in a much better position to make a prognosis when they are called in October than they would be if called in March. As indicated, the question submitted may not be entirely free from doubt in the weighing of the respective conveniences, and there may be some question as to the disposition which should be made of the motion. However, after due consideration, I have concluded that the motion should be granted.

It is therefore ordered: That this action be transferred from the Fourth Division, District of Minnesota, to the Northwestern Division of the District of North Dakota, and that the Clerk of this Court shall forthwith forward the file in this proceeding to the Clerk of said District, at Fargo, North Dakota, together with a copy of this order.

An exception is allowed to plaintiff.