## MASON v. CHICAGO, R. I. & PAC. R. CO.
### No. 6757.

United States District Court
W. D. Missouri, W. D.
March 19, 1951.

---

George V. Aylward, Kansas City, Mo., for plaintiff.

Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The defendant has filed a motion or application for change of venue pursuant to the provisions of Section 1404(a) Title 28 U.S.C.A. This section, since its enactment, has become familiar. It simply extends and makes more efficient the doctrine of forum non conveniens. Prior to its enactment dismissal of the action was the only remedy in applying the doctrine.

The statute provides that: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

According to the complaint, the plaintiff sustained injuries to himself and damages to an automobile owned by him while traveling upon Highway numbered 51 in Burlington, Colorado. Plaintiff was going in a northerly direction and the defendant's train was running westwardly over its tracks passing through Burlington, Colorado. Plaintiff alleges that the accident occurred by reason of the failure of the operatives of the defendant's train to signal the approach of the train to the crossing. Moreover, that the operatives "saw, or by the exercise of ordinary care on their part could have seen, that said motor car being driven by the plaintiff was approaching said crossing, etc." There was a further averment that the train was running too fast and the operatives failed to slacken or diminish the speed as the train approached the crossing and that these several acts of negligence caused the collision and the consequent claimed injuries to the plaintiff.

The defendant has filed a verified motion for a change of venue upon the ground that the witnesses are mostly in Colorado or Western Kansas, or near Burlington, Colorado, where the accident occurred. Some of the witnesses reside at Denver, Colorado, others at Goodland, Kansas, whereas witnesses for the plaintiff and the plaintiff himself reside in Kansas City, Missouri.

It is the contention of the defendant that the case, if transferred to one of the Divisions in the District of Colorado, could be tried seasonally and that upon all of the facts the "balances" are "in favor of the transfer." While the plaintiff has not verified any statements made in opposition to the transfer, yet it appears to be the practice of the judges, that statements and memorandum submitted by counsel might be accepted as facts, and, upon such, decisions are reached. It is shown by data filed by the plaintiff that he, himself, resides in Kansas City, and is now engaged in business here, and that his son who was with him at the time of the claimed collision also resides in Kansas City, Missouri, and would be a witness on behalf of the plaintiff. In addition to that, his physician who treated him, and a daughter who nursed him, all reside in or near Kansas City. Either in person, or by depositions, their testimony would apparently be essential.

The defendant in its motion states that the conductor and brakeman on the train are residing in Denver, Colorado, and it also suggests that the engineer and fireman reside at Goodland, Kansas. In like manner, it says that Dr. Bergen who gave the plaintiff emergency treatment, resides at Goodland, Kansas. The section crew, or the section boss, resides at Burlington, Colorado. It is questionable whether all of these individuals would be or could be properly called as witnesses. The conductor and brakeman would probably be competent to testify about the speed of the train, but the engineer and the fireman would be competent on the question of signals as well as the speed of the train, and whether they exercised care to look out for the approach of automobiles as they came to the crossing. Dr. Bergen would be a competent witness. It is doubtful if the section foreman or his crew could give any aid. It would be necessary for

the plaintiff to travel several hundred miles, together with his witnesses, to participate in the trial in Colorado. On the other hand, the witnesses for the defense would have a slightly less distance to travel to come to Kansas City. Moreover, as suggested by counsel in his opposition to a change of venue, if the transfer of the case is made, the plaintiff's situation is such that he would be compelled to abandon the litigation. While this statement is not verified, yet the court should accept the statement of counsel that such would be the result.

1. It is to be noted that the statute provides that while such transfers may be made for the convenience of the parties and witnesses, yet it may only be made if it is done "in the interest of justice."

Judge Hatch of the District of Colorado in Greve v. Gibraltar Enterprises, 85 F. Supp. 410, loc. cit. 413, in considering an almost identical situation, said: "While it has been indicated the transfer may be ordered and it would be to the convenience of the parties and witnesses to change the venue, *there remains the all-important question as to whether such change would be in the interest of justice. The words, 'in the interest of justice,' must be given paramount consideration.*" (Emphasis mine.)

It is obvious from the statement of the parties that it would not be in the interest of justice to the parties to transfer this case to one of the Divisions of the District Court in Colorado.

2. Before the enactment of the statute providing for a change of venue the courts could only dismiss when the doctrine of forum non conveniens was invoked. The Supreme Court, in Gulf Oil Corporation v. Gilbert, 330 U.S. 501, loc. cit. 508, 67 S.Ct. 839, loc. cit. 843, 91 L.Ed. 1055, significantly said: "But unless the balance is strongly in favor of the defendant, *the plaintiff's choice of forum should rarely be disturbed.*" (Emphasis mine.)

Practically the same thing was said in Headrick v. Atchison, T. & S. F. Ry. Co., 10 Cir., 182 F.2d 305, loc. cit. 310. The Court of Appeals, 10th Cir., in discussing the Gulf Oil Corporation case, supra, said: "the doctrine should not be applied, and the plaintiff's choice of forum disturbed, unless the balance in the defendant's favor is shown by clear and convincing evidence."

The evidence in this case does not meet the standard fixed by the 10th Circuit.

District Judge Nordbye, of the Minnesota District, while ordering a change of venue in Hansen v. Nash-Finch Co., 89 F. Supp. 108, yet emphasized the consideration that should be given to the plaintiff's choice of forum as follows: "I am entirely mindful of the principle that plaintiff's choice of forum should not be disturbed unless the showing strongly balances in favor of the transfer."

In view of the foregoing, it appears that the doctrine of forum non conveniens is not applicable to the situation presented in this case, and that the motion for a change of venue should be overruled, and it will be so ordered.