678 So.2d 823 (1996)
HYATT CORPORATION, Appellant,
v.
Stefan HOWARTH, Appellee.
No. 95-3063.
District Court of Appeal of Florida, Third District.
May 29, 1996.
Rehearing Denied September 18, 1996.
Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley and L.H. Steven Savola, Miami, Cindy J. Mishcon and Edward D. Schuster, Fort Lauderdale, for appellant.
Colson, Hicks, Eidson, Colson & Matthews; Cooper & Wolfe and Marc Cooper and Maureen E. Lefebvre, Miami, for appellee.
Before SCHWARTZ, C.J., JORGENSON, and GODERICH, JJ.
PER CURIAM.
The trial court did not abuse its discretion in denying defendant's motion to transfer a negligence action from plaintiff's venue choice in Dade County to Monroe County under the forum non conveniens statute, Section 47.122, Fla.Stat. (1995). See Burger King Corp. v. Koeppel, 564 So.2d 209 (Fla. 3d DCA 1990) ("The decision to transfer venue is within the sound discretion of *824 the court, and the party contesting the choice of venue must show an abuse of this discretion in order to successfully challenge the court's determination."). Though plaintiff was injured in Monroe County, many of the witnesses do not reside in Monroe County; some witnesses reside in Dade County; plaintiff received significant medical care in Dade County following his injury; defendant has a place of business in Dade County; and Dade County is more convenient to travel to then Monroe County for the out-of-state and out-of-country witnessesincluding plaintiff who was rendered a partial quadriplegic by his accident. Under these circumstances, Section 47.122's consideration of "the convenience of the parties or witnesses or ... the interest of justice" did not require the trial court to reject plaintiff's choice of venue in Dade County.[1]
Affirmed.
JORGENSON and GODERICH, JJ., concur.
SCHWARTZ, Chief Judge (dissenting).
The appellee Howarth is an Englishman who was injured while a guest at the Hyatt Hotel in Key West. All of the witnesses to the hotly disputed circumstances surrounding the accident, including the sobriety of the plaintiff at the time, are in Monroe County. In contrast, the only even arguable connection with Dade Countyand, as the plaintiff's counsel conceded at oral argument, the sole tenable basis for retaining the case hereis that, after emergency care in Key West, he was treated for his injuries (the severe extent of which is not really in question) at Jackson Memorial Hospital in Miami prior to his return to his home in Great Britain. This is plainly not enough to preclude transfer to the site of the accident "[f]or the convenience of the parties or witnesses or in the interest of justice" under section 47.122, Florida Statutes (1995) and its federal equivalent, 28 U.S.C. § 1404(a) (1996).
It is true that the plaintiff's choice of venue must be given great initial weight and respect. See Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86 (Fla.1996), revised, 674 So.2d 86 (Fla.1996); Houchins v. Florida E. Coast Ry., 388 So.2d 1287 (Fla. 3d DCA 1980). But it is also well settled that, in the absence of a meaningful and significant relationship between the case and that jurisdiction, it is ordinarily appropriate that it be tried in the "locus of [its] operative facts" Monroe County. Hernandez v. Graebel Van Lines, 761 F.Supp. 983, 990 (E.D.N.Y.1991); Kreisner v. Hilton Hotel Corp., 468 F.Supp. 176, 177 (E.D.N.Y.1979); Morgan v. Illinois Cent. R.R., 161 F.Supp. 119 (S.D.Tex.1958). Directly contrary to the plaintiff's only argument for affirmance, moreover, it is "not controlling" [e.s.] that even alllet alone, as here, only someof the plaintiff's medical witnesses are in his selected forum. See Hernandez, 761 F.Supp. at 983; Willetts v. General Tel. Directory Co., 38 F.R.D. 406, 411 (S.D.N.Y.1965); Wilson v. Ohio River Co., 234 F.Supp. 283 (W.D.Pa.1964), aff'd, 375 F.2d 775 (4th Cir.1967); Morgan, 161 F.Supp. at 119; Harwich v. Atlantic Coast Line R.R., 129 F.Supp. 558 (D.Mass.1955); Hansen v. Nash-Finch Co., 89 F.Supp. 108 (D.Minn.1950). Indeed, even when added to other considerations which would also support the plaintiff's choice of courthouse *825 including the important one that he is a citizen of the forum and thus has not selected it merely as an informed shopper, Olympic Corp. v. Societe Generale, 462 F.2d 376 (2d Cir.1972); Hoffman v. Goberman, 420 F.2d 423 (3d Cir.1970); Leeper v. Leeper, 116 N.H. 116, 354 A.2d 137 (1976)that factor is insufficient to overcome the common sensible idea that an action should be tried where it arose.
This principle has been applied to require transfer in cases generally similar, but, if anything, far weaker on their facts than this one. Thus, in Kepler v. ITT Sheraton Corp., 860 F.Supp. 393 (E.D.Mich.1994), the court transferred a case from Michigan to Florida because the accident occurred in an Orlando area hotel, even though the plaintiff, who was wheelchair-bound like Howarth, was a Michigan citizen and was under continuing treatment by an alleged fifty medical witnesses in that state. Accord, e.g., Hernandez, 761 F.Supp. at 983 (action transferred from New York where plaintiff resided and physicians located to Florida where accident occurred); Campbell v. Hilton Hotels Corp., 611 F.Supp. 155 (E.D.Mich.1985) (action transferred from Michigan where plaintiff resided to Florida where accident occurred); Ryer v. Harrisburg Kohl Bros., Inc., 307 F.Supp. 276 (S.D.N.Y.1969) (action transferred from New York where plaintiffs and medical witnesses resided to Pennsylvania where accident occurred); Morgan, 161 F.Supp. at 119 (action transferred from Texas where plaintiff, doctors, x-ray personnel and record custodians resided to Illinois where accident occurred); Hansen, 89 F.Supp. at 108 (action transferred from Minnesota, a more convenient forum for medical witnesses and plaintiff residing in New York, to North Dakota where witnesses resided and accident occurred). See also Kreisner, 468 F.Supp. at 176 (action transferred from New York where medical treatment received to Texas where accident occurred and where third party defendant could be joined). See generally Pain v. United Technologies Corp., 637 F.2d 775 (D.C.Cir.1980) (case transferred when plaintiff was not citizen of forum), cert. denied, 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1981); Villar v. Crowley Maritime Corp., 780 F.Supp. 1467 (S.D.Tex.1992), aff'd, 990 F.2d 1489 (5th Cir.1993), cert. denied, 510 U.S. 1044, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994) (same).
"`In sum, this is a [Monroe County] case,' which belongs in [Monroe County]." See Della-Donna v. Gore Newspaper Co., 390 So.2d 87, 88 (Fla. 3d DCA 1980) (quoting Leinberger v. Webster, 66 F.R.D. 28, 35 (E.D.N.Y.1975)), pet. for review denied, 399 So.2d 1141 (Fla.1981); Burger King Corp. v. Koeppel, 564 So.2d 209 (Fla. 3d DCA 1990). In Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996) revised, 674 So.2d 86 (Fla.1996), the Supreme Court has recently emphasized that Florida need not be the courthouse for the nation or the world. I do not believeeven though Miami is the home of many accomplished plaintiffs' lawyers and the substantial verdicts they win for their clientsthat Dade County should be the courthouse for Florida or even the Third District. I would reverse.
NOTES
[1] Of the sixteen cases cited by the dissent in support of reversal, only one holds that a trial court abused its discretion in ruling on a venue or forum non conveniens motionthis court's decision in Koeppel. Koeppel involved a wrongful death action filed in Dade County where the death occurred in Broward County, the plaintiff and twenty of the twenty-one witnesses resided in Broward County, and all of the important contacts occurred in Broward County. In Koeppel, no reasonable person could have failed to conclude that the convenience of the parties and witnesses and interests of justice required transfer. This case is quite distinct.

The trial court's discretion is abused "only where no reasonable [person] would take the view adopted by the trial court." Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The factors under Section 47.122 and our prior cases support not only Monroe County as a convenient forum but also Dade County as a reasonable venue selection. The trial courtwith the parties before it and the case having been assigned to its judicial laborwas thus within its discretion to either grant or deny the motion for change of venue. We may not, under the abuse of discretion standard, simply supplant this decision with this court's preference on a de novo review of the same venue factors.