STEVENSON, Judge.
R.C. Storage One, Inc., appeals the trial court’s order denying its amended motion to abate or transfer venue. We affirm.
Strand Realty sued R.C. Storage One to recover a real estate broker’s commission resulting from the sale of a self-storage facility located in Sumter County and owned by R.C. Storage. At the time the parties entered into the contract, R.C.’s principal place of business was Orange County, and Strand was located in Alachua County. Prior to the closing and before suit was filed, Strand moved its principal place of business to Palm Beach County. R.C. argues that venue is improper in Palm Beach County and, as an alternative, that Sumter County or Orange County is a more convenient forum for the parties and witnesses.
Venue is proper where the cause of action accrued
We find no error in the trial court’s determination that venue was proper in Palm Beach County. “A plaintiff has the ‘option of venue selection, and as long as that selection is one of the statutory alternatives, it should not be disturbed.’” Intercapital Funding Corp. v. Gisclair, 683 So.2d 530, 532 (Fla. 4th DCA 1996)(quoting Oliver v. Severance, 542 So.2d 408, 409 (Fla. 1st DCA 1989)). A cause of action for money due accrues where payment is required; when an agreement is silent as to the place of payment, it is implied that payment is to be remitted where the creditor has its principal place of business. See Sunshine Yacht Sales, Inc. v. Bob Anslow Yacht Sales, Inc., 669 So.2d 342, 343 (Fla. 3d DCA 1996), and cases cited therein. In the instant case, the cause of action accrued in Palm Beach County when, following the closing, R.C. failed to pay Strand the commission allegedly due.
On the record before us, we cannot conclude that the trial court abused its discretion in denying R.C.’s motion to transfer this case to Orange County or Sumter County based on the convenience of the parties and the witnesses. See § 47.122, Fla. Stat. (1997). The plaintiff’s venue choice is presumptively correct, and a defendant bears the burden to prove that a trial in the county in which the action was filed would work a substantial inconvenience to it, and to witnesses. See Houchins v. Florida E. Coast Ry. Co., 388 So.2d 1287, 1290 (Fla. 3d DCA 1980). The affidavits in support of R.C.’s motion to transfer venue were little more than a laundry list of witnesses, their places of residence and the conclusory statement that it would be inconvenient for them to travel to Palm Beach County. The affidavits failed to disclose any information as to the necessity, relevance or significance of the evidence to be presented by these witnesses.
In Foster Marine Contractors, Inc. v. Southern Bell Telephone & Telegraph Co., 541 So.2d 114 (Fla. 4th DCA 1989), this court affirmed the trial court’s denial of a motion to transfer venue under section 47.122, due to the defendant’s failure to meet its burden of demonstrating the inconvenience. There, *636 as here, the movant failed to disclose the subject matter of the various witnesses’ testimony. The court stated:
Notwithstanding appellant’s affidavit which purports to show a great number of witnesses who reside in St. Lucie County, the county to which appellant sought transfer, the record fails to disclose that appellant met the burden in the lower court by showing the subject matter of the various witnesses’ testimony (to wit: the quality of the testimony versus the quantity of the testimony).
Id. at 114 (emphasis in original).
More recently, in Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377 (Fla. 1st DCA 1997), the First District highlighted the importance of the movant’s responsibility to set forth the anticipated substance or significance of the testimony of witnesses so that the trial court may conduct a well-informed balancing test.
“[I]n order for a court to consider the convenience of the witnesses, the court must know who the witnesses are and the significance of their testimony.” Id. [Hu v. Crockett, 426 So.2d 1276 (Fla. 1st DCA 1983) ]. As the Hu court observed, it is critical for this information to be provided to enable the trial court to properly weigh the convenience of all of the key witnesses under section 47.122.
The court would need this information to ascertain whether a particular witness’ testimony is material. Second, the court might desire to have this information in an effort to locate the trial in a forum most convenient to the greatest number of key witnesses, since the quality of testimony by a key witness may well outweigh the quantity of testimony by a number of witnesses testifying to relatively unimportant matters.
Id. (citations omitted).
690 So.2d at 1379.
While this court might be tempted to look at the complaint and make our own assumptions about what the evidence will be and how important certain witnesses’ testimony will be to the trial of this case, we decline to do so. Indeed, certain listed “witnesses” may have information relevant only to uncontested matters, and it may be unnecessary for them to attend the trial or have any significant involvement in the litigation. Lastly, neither party provides a transcript of the hearing. In the absence of sufficiently detailed affidavits or evidence concerning the substance of witness testimony and any inconvenience, we are bound to affirm.
AFFIRMED.
TAYLOR, J., concurs.
WARNER, J., dissents with opinion.