ROTHENBERG, J.
The defendant, Regions Financial Corp. (“Regions”), appeals from a non-final order denying its motion to transfer venue to Bay County, Florida, pursuant to section 47.122, Florida Statutes (2010). We affirm.
Carlos Mercenari and Guillermo Romo (“the plaintiffs”) are residents of Miami-Dade County. The plaintiffs entered into, but subsequently terminated, three agreements to purchase pre-construction condominium units from Seahaven Phase I, LLC (“Seahaven”). The plaintiffs sued Regions and Seahaven in Miami-Dade County. As to Regions, the complaint alleged the wrongful disbursement of a portion of the plaintiffs’ deposits held in escrow by Regions, and breach of fiduciary duty. The plaintiffs also alleged that all amounts due are payable in Miami-Dade County. Regions moved to transfer venue to Bay County, arguing that because a number of witnesses reside in Bay County, Escambia County, or Alabama, Bay County is the more convenient forum. After a hearing (of which no transcript exists), the trial court denied the motion and issued the instant order. This appeal followed.
*2 We review the trial court’s decision for an abuse of discretion. Garcia v. Garcia, 958 So.2d 947, 948 (Fla. 3d DCA 2007); R.C. Storage One, Inc. v. Strand Realty, Inc., 714 So.2d 634, 635 (Fla. 4th DCA 1998). “The plaintiffs venue choice is presumptively correct, and a defendant bears the burden to prove that a trial in the county in which the action was filed would work a substantial inconvenience to it, and to witnesses.” R.C. Storage, 714 So.2d at 635. The trial court reviewed the complaint, Regions’ motion and attached affidavits, and considered the argument of counsel. Based on the record now before us, we cannot conclude that the trial court abused its discretion.
Affirmed.
SCHWARTZ, Senior Judge., concurs.