WELLS, Judge.
R.J. Reynolds Tobacco Company, Philip Morris USA Inc., and Lorillard Tobacco Company (collectively, “the defendants”), *43 appeal a trial court’s denial of their motion to transfer venue. Because we find no abuse of discretion in the trial court’s ruling, we affirm.
Engle[1] plaintiff-appellee, Lesia Mooney (“Mooney”), seeks monetary damages for the wrongful death of her mother, Barbara Meacham (“the decedent”),' allegedly caused by smoking-related injuries resulting from the use of the defendants’ products. Mooney initially filed her wrongful death action against the defendants, as well as Vector Group, Ltd. (“Vector”), as part of a consolidated complaint with fifteen joint plaintiffs in 2008. The case was initially filed in The Eleventh Judicial Circuit for Miami-Dade County (“Miami-Dade Court”) because Vector maintains its headquarters in Miami-Dade County. The parties all mutually agreed to delay the case for two years and then the parties began conducting discovery after the case was reactivated in 2010. In December 2011, Mooney severed her action from the joint complaint and filed an individual complaint against the defendants, dropping Vector from the complaint. None of the remaining defendants is headquartered in Miami-Dade County. The defendants took Mooney’s deposition and, shortly thereafter, in December 2012, filed a motion to transfer venue pursuant to section 47.122 of the Florida Statutes (2012).
The defendant tobacco companies do not dispute that venue was proper when Mooney originally filed her consolidated action against them and Vector in the Miami-Dade Court. Nor have they at any time argued that venue was not proper in the court below after Mooney severed her action and dropped Vector as a party defendant. Indeed, this court has previously found that “if — as was obviously and con-cededly the case here — a local or resident defendant is made a party in good faith at the outset of the litigation, his subsequent voluntary (or involuntary) dismissal does not affect the propriety of the initial venue so as to require that the action be transferred .... ” Vance, M.D. v. Minton, 444 So.2d 1162, 1163 (Fla. 3d DCA 1984). The defendant tobacco companies have, therefore, moved to transfer venue to Duval County under section 47.122, claiming that it is “[fjor the convenience of the parties or witnesses or in the interest of justice,” to transfer this action to Duval County where this action might also have been brought.
As this court has already confirmed, a “plaintiffs forum selection is presumptively correct, and in order to successfully challenge that selection, the burden is upon the defendant to show either substantial inconvenience or that undue expense requires a change for the convenience of the parties or witnesses.” Gov’t Emps. Ins. Co. v. Burns, 672 So.2d 834, 835 (Fla. 3d DCA 1996) (emphasis added); see also Safety Nat’l Cas. Corp. v. Fla. Mun. Ins. Trust, 818 So.2d 612, 613 (Fla. 5th DCA 2002) (same). This requires the defendant to come forward with record evidence to support a transfer. Bums, 672 So.2d at 835. In this case, that burden has not been met.
As to the convenience of the parties, the tobacco company defendants have made no argument that it would be inconvenient in any manner for them to try this matter in Miami-Dade County. Instead, they have latched upon Mooney’s two word response to a question at her deposition that “[ojbviously, yes” it would be more convenient for her if the case were filed in Duval County because she lives in Jacksonville. This response does not demonstrate that it would be substantially inconvenient for her to travel to Miami- *44 Dade County on occasion prior to, and for, trial, especially in light of her testimony that despite any inconvenience she might incur, she preferred having the case heard in Miami-Dade County. There is no testimony that keeping the action here would be unduly expensive for her.
As to the convenience of any witnesses, the tobacco company defendants have not identified a single defense witness who would be inconvenienced by keeping this case in Miami-Dade County. Rather, they rely solely upon a response to a written interrogatory asking Mooney to identify those whom might have knowledge of the issues raised in the instant suit:
State the name and address of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.
In her response, Mooney provided the names and addresses of four individuals, three of whom lived in Jacksonville who might have knowledge of decedent’s “smoking history and smoking related illness.” While such individuals, may prove to have relevant knowledge concerning issues in this lawsuit, there is no evidence that any of these individuals actually has relevant information, will be deposed, or will be called as a witness at trial. Indeed, it may very well be that, as is often the case, the decedent’s extended family members will have little relevant knowledge given the fact that they resided in a city different[2] than the decedent and simply do not have sufficient knowledge of the decedent’s daily habits or physical condition to testify. There is also no suggestion, much less evidence, that any of these individuals would refuse or be ' unable to come to Miami-Dade County when needed to participate in these proceedings — that is, there is no evidence that being a witness here is at all inconvenient to these individuals.
Moreover, the uncontradicted evidence also is that the potential witness with the most knowledge of decedent’s smoking history and smoking related illnesses — decedent’s surviving spouse — lived in Tallahassee with the decedent until decedent’s death and now lives in Georgia. As was the case with the other individuals listed in Mooney’s interrogatory response, the tobacco company defendants have made no showing of substantial inconvenience or undue expense as to this most significant witness and Georgia resident in having this case tried in Miami-Dade County.
The same can be said of any treating physician or expert witnesses. As is often the case, the treating physicians may require that their trial testimony be presented by deposition so as not to interfere with their treatment of patients. And no expert witnesses, local or otherwise, have been identified. Thus, whether any witness will be inconvenienced or not cannot, as the trial court noted, be determined until further discovery takes place.[3] R.C. *45 Storage One, Inc. v. Strand Realty, Inc., 714 So.2d 634, 636 (Fla. 4th DCA 1998) (“While this court might be tempted to look at the complaint and make our own assumptions about what the evidence will be and how important certain witnesses’ testimony will be to the trial of this case, we decline to do so. Indeed, certain listed ‘witnesses’ may have information relevant only to uncontested matters, and it may be unnecessary for them to attend the trial or have any significant involvement in the litigation.”). We therefore cannot conclude that the trial court abused its discretion in denying the tobacco company defendants’ motion to transfer given the scant record evidence submitted in support of a transfer. Id. at 635 (“The affidavits in support of R.C.’s motion to transfer venue were little more than a laundry list of witnesses, their places of residence and the conclusory statement that it would be inconvenient for them to travel to Palm Beach County. The affidavits failed to disclose any information as to the necessity, relevance or significance of the evidence to be presented by these witnesses.”).
Nor can we agree with any argument that it is incumbent to grant the motion to transfer venue now in order to prevent Mooney from “hav[ing][her] cake and eatfing] it too” by asking for more time to determine where witnesses reside while simultaneously arguing that a transfer becomes less fair with the passage of time. To use another popular idiomatic expression, such a claim would put the “cart before the horse” by prematurely ruling on a venue motion in order to prevent Mooney from making some argument that she might make at some point in the future, for the law requires the production of evidence, not speculation, before a court may “properly weigh the convenience of all of the key witnesses under section 47.122” so as to grant a venue transfer. Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377,1379 (Fla. 1st DCA 1997) (“[I]n order for a court to consider the convenience of the witnesses, the court must know who the witnesses are and the significance of their testimony.” (quoting Hu v. Crockett, 426 So.2d 1275, 1279 (Fla. 1st DCA 1983))).
As to the interests of justice, transfer to Duval County because: (1) “neither party has shown that Duval County would result in a later trial date”; (2) the First District may still have a case management order in place to handle tobacco litigation; and (3) “[a]ny argument that a transfer of venue to Duval County would unduly prejudice Mooney due to the expediency of the court systems is pure speculation at best,” ironically, would result in a reversal not because of any speculation by Mooney or the court below, but would require this court’s own unsupported conjecture.
There is no record evidence as to a case management order to handle tobacco litigation in Duval or Miami-Dade Counties, much less the state of the dockets in either county. And to the extent that this is even a valid consideration, this court has previously cautioned that the court’s concerns about preserving judicial resources does not, by itself, constitute a valid reason for disturbing the plaintiffs forum choice:
The trial court’s discretion to transfer under Section 47.122 is not unbridled and must be predicated upon a showing that the parties or witnesses will suffer substantial inconvenience or undue expense due to the chosen forum. Ashland Oil, Inc. v. Florida Dept. of Transp., 352 So.2d 567 (Fla. 2d DCA 1977). As noted in Ashland, 352 So.2d at 569: “No decision has come to our attention which approves the convenience of the courts as the sole basis for *46 change of venue that is otherwise properly selected by the plaintiff. We are not inclined, nor do we believe the legislature intended, to extend statutory forum of convenience to such considerations.”
A trial court does not have the authority to disturb the plaintiffs choice of proper forum based upon considerations of its own convenience. Ashland, 352 So.2d at 569. We recognize the trial court’s concerns in attempting to control its docket and to preserve judicial resources. However, these concerns do not constitute a valid reason for transfer. A trial court should not be allowed to assume an adversarial role on the issue of convenience.
Bums, 672 So.2d at 836.
For this reason we also cannot so easily reject Mooney’s contention that trying this case in Miami-Dade County would be more expeditious. Absent evidence demonstrating that this matter may be more expeditiously heard in Duval County, the tobacco company defendants' burden of showing entitlement to a venue transfer was not met. Id. at 835.
We also cannot agree with any conclusion that plaintiffs should not be able to select an attorney or expert witnesses in a county and maintain suit there simply because they see some procedural advantage or because juries in the chosen forum tend to award larger monetary damages. There is nothing improper in choosing a venue because it is the most advantageous venue procedurally, or otherwise, for the law itself recognizes a plaintiffs privilege in initially selecting a venue irrespective of reason. If, therefore, venue is proper in more than one place, a plaintiff has the privilege of selecting which venue is most favorable to it for any reason and that selection will not be disturbed absent evidence that the chosen venue is either not proper in the place selected or substantially inconvenient to the witnesses or parties. Id.; see also Barry Cook Ford, Inc. v. Ford Motor Co., 571 So.2d 61, 61 (Fla. 1st DCA 1990) (“While the primary purpose of venue statutes is to require litigation to be instituted in the forum which will cause the least amount of inconvenience and expense to those parties required to answer and defend the action, it is the prerogative of the plaintiff to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiffs selection will not be disturbed.”). We do not believe that defendants, such as those in this case, should be permitted to object to a properly selected forum simply because they see some procedural advantage or the ability to limit a jury award.
There is no question that venue was proper in Miami-Dade County when this action was filed. Now that the only local defendant has been dropped from the case, Mooney wishes to continue her case here, first, because it is no more inconvenient for her to have the case heard here than in Duval County; second, because none of the witnesses whom she has identified as potential witnesses has been proved to be inconvenienced by this decision; third, because the tobacco company defendants do not claim that they are in any manner inconvenienced; and lastly, because the lawyer who is intimately familiar with her case will be substantially inconvenienced— to say nothing of the costs that must be incurred — in travelling back and forth to Duval County to try this case. While we agree that the location of the lawyer’s office is generally not relevant to this inquiry, the unique circumstances of this case present an instance where it cannot be said that the trial court abused its discretion in concluding that the interests of justice would better be served if the case were to stay in Miami-Dade County.
*47 For these reasons, we find no abuse of discretion in the trial court’s decision to deny the motion to transfer venue and affirm.
EMAS, J., concurs.

. Engle v. Liggett Group, Inc., 945 So.2d 1246 (Fla.2006)

. Until the decedent became ill shortly before her death, she resided in Tallahassee in Leon, not Duval, County.

. At the hearing below, it was suggested that this case may come down to a so-called battle of the expert witnesses. To the extent that the experts’ convenience ultimately proves to be of minimal importance because they are accustomed to travel and are paid for doing so, this again would be a factor weighing in favor of a finding that the trial court did not abuse its discretion in denying the motion to transfer venue. In that case, the tobacco company defendants would again not have met their burden of demonstrating that Duval County was any more convenient a venue than Miami-Dade County.