# Third District Court of Appeal

## State of Florida

Opinion filed April 18, 2018.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D16-1920
Lower Tribunal No. 16-9133

————————————

## Romilio F. Marques, M.D., Romilio F. Marques, M.D., P.A., Naples HMA, LLC, d/b/a Physicians Regional Medical Center, Ofelia Marin, M.D., KIDZ Medical Services, Inc., Jorge Mujica, M.D., and Quail Emergency Physicians, LLC,

Appellants,

vs.

## Pedro Garcia, a minor, by and through his parents, Jesus Garcia and Norma Cisneros, and Jesus Garcia, and Norma Cisneros, individually,

Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Benito H. Diaz, P.A., and Benito H. Diaz; Hicks, Porter, Ebenfeld & Stein, and Dinah Stein and Mary Gniadek, for appellants Romilio F. Marques, M.D., and Romilio F. Marques, M.D., P.A.; Falk, Waas, Hernandez, Cortina, Solomon & Bonner, P.A., and Scott E. Solomon, for appellants Ofelia Marin, M.D., and KIDZ Medical Services, Inc.; Foley & Mansfield, and Kevin O'Connor, for appellants Jorge Mujica, M.D., and Quail Emergency Physicians, LLC; Wicker, Smith, O'Hara, McCoy & Ford, P.A., and Michael D'Lugo and Robert Baron Ringhofer

(Naples), for appellant Naples HMA, LLC, d/b/a Physicians Regional Medical Center.

Zebersky & Payne, LLP, and Edward H. Zebersky (Fort Lauderdale); Grossman Roth Yaffa Cohen, P.A., and Andrew B. Yaffa and Rachel Wagner Furst, for appellees.

Before LAGOA, SALTER and FERNANDEZ, JJ.

LAGOA, J.

Appellants, Romilio F. Marques, M.D., Romilio F. Marques, M.D., P.A., Naples HMA, LLC, d/b/a Physicians Regional Medical Center, Ofelia Marin, M.D., KIDZ Medical Services, Inc., Jorge Mujica, M.D., and Quail Emergency Physicians, LLC, defendants below (collectively, "the Appellants"), appeal from a non-final order denying their motion to transfer venue pursuant to section 47.122, Florida Statutes (2016). We affirm.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 5, 2014, Pedro Garcia ("Pedro"), a six-day old infant, developed a serious intestinal condition that caused him to vomit green bile. His mother, Norma Cisneros ("Cisneros"), took him to the emergency room at Physicians Regional Medical Center ("Physicians Regional"), a hospital operated by Naples HMA, LLC ("Naples HMA"). At that initial visit, Pedro was seen by Dr. Jorge Mujica ("Mujica"), an emergency room physician. Mujica discharged Pedro less than two hours after Pedro and Cisneros had arrived.

2

When Pedro's symptoms persisted, Cisneros took her son on November 24, 2014, to see Dr. Romilio Marques ("Marques"), a pediatrician in Naples, who in turn referred Cisneros to a local specialist, Dr. Ofelia Marin ("Marin"). Marin saw Pedro multiple times over the course of several weeks. On December 20, 2014, Cisneros brought Pedro back to the emergency room at Physicians Regional, where he was again seen by Mujica. Mujica diagnosed Pedro with colic and discharged him. The following morning, Pedro's condition worsened, and Cisneros again returned to Physicians Regional. On this visit, Dr. Michael Ropele, a different emergency room doctor at Physicians Regional, saw Pedro and ordered an X-ray that revealed Pedro suffered from a volvulus, a twisting of the intestine. Pedro was then airlifted to Joe DiMaggio Children's Hospital in Broward County for treatment. At Joe DiMaggio Children's Hospital, Pedro received life-saving treatment, including five surgeries, and remained there for close to two and a half months.

On April 11, 2016, Pedro's parents, Cisneros and Jesus Garcia ("Garcia"), on behalf of Pedro and themselves individually (collectively "Appellees"), filed a medical malpractice lawsuit in Miami-Dade County against Naples HMA, Drs. Mujica, Marques, and Marin, and the doctors' employers—Quail Emergency Physicians, LLC ("Quail Emergency"), Romilio F. Marques, M.D., P.A. ("Marques P.A."), and KIDZ Medical Services, Inc. ("KIDZ").

3

The three individual defendants reside and work in Collier County. Of the four corporate defendants, KIDZ has its principal place of business in Miami-Dade County, Marques P.A. is registered in Collier County, and Naples HMA and Quail Emergency are foreign companies with registered agents in Leon County.[1]

Appellants, except Naples HMA, filed motions to transfer venue to Collier County pursuant to section 47.122, Florida Statutes (2016) ("the motions"). Naples HMA did not file its own motion to transfer, but instead moved to join in the motions filed by the other Appellants. The motions were substantially similar, and all argued that Miami-Dade County would be inconvenient for the parties and witnesses and that the interests of justice weighed in favor of transferring venue to Collier County. Drs. Mujica, Marin, and Marques each filed affidavits in support of their motions, and each asserted that they lived and worked in Naples, Florida, and that their professional and personal lives would be unduly burdened by a trial in Miami-Dade County. None of the doctors' affidavits addressed or established substantial inconvenience or undue expense that would require a change of venue for the convenience of the anticipated witnesses.

The affidavit of KIDZ's CFO stated that it would be beneficial for the action to be in Collier County because that is where Pedro received his medical treatment. Naples HMA submitted the affidavit of a risk management officer who stated she

_____

[1] Naples HMA is a Florida limited liability company with its principal place of business in Franklin, Tennessee. Quail Emergency is a Florida limited liability company with its principal place of business in Colorado.

4

would be inconvenienced by having to travel to Miami-Dade County for trial. Marques P.A. and Quail Emergency did not submit affidavits in support of their respective motions.

None of the Appellants submitted any affidavits or other evidence addressing the identity of the witnesses needed for trial, whether the witnesses were material, or the significance of the witnesses' testimony. Dr. Marin and KIDZ filed an unverified Notice of Filing in support of their motion to transfer that simply listed the date of each of Pedro's treatments, the respective treating physician or hospital, and the location of the physician or hospital. This Notice stated that the list of names and dates was obtained from Pedro's medical files. It did not identify the nature of the treatments, nor did it purport to identify which individuals or entities would be trial witnesses (material or otherwise) or the substance (much less the significance) of their anticipated testimony. Appellees filed responses in opposition to each of the motions to transfer, arguing that venue was proper in Miami-Dade County and that Appellants had not met their burden under section 47.122.

On July 18, 2016, the trial court held a hearing on the motions to transfer venue. The trial court denied the motions to transfer in a written order dated August 4, 2016. Relying on this Court's decision in R.J. Reynolds Tobacco Co. v. Mooney, 147 So. 3d 42 (Fla. 3d DCA 2014), the trial court stated that in order to successfully challenge a plaintiff's forum selection "**the burden is upon the**

5

**defendant** to show either **substantial** inconvenience or that **undue expense** requires a change for the convenience of the parties or witnesses." Id. at 43 (emphasis in original). The trial court further explained that this Court "has made clear that plaintiffs may select a venue for any reason," and set forth in its written order the standard articulated by this Court in R.J. Reynolds:

> We also cannot agree with any conclusion that plaintiffs should not be able to select an attorney or expert witnesses in a county and maintain suit there simply because they see some procedural advantage or because juries in the chosen forum tend to award larger monetary damages. There is nothing improper in choosing a venue because it is the most advantageous venue procedurally, or otherwise, for the law itself recognizes a plaintiff's privilege in initially selecting a venue irrespective of reason. If, therefore, venue is proper in more than one place, a plaintiff has the privilege of selecting which venue is most favorable to it for any reason and that selection will not be disturbed absent *evidence* that the chosen venue is either not proper in the place selected or substantially inconvenient to the witnesses or parties.

Id. at 46 (emphasis in original). Applying R.J. Reynolds, the trial court concluded that although the Appellants "presented evidence that there was *some* inconvenience and expense involved if the trial were to proceed in Miami-Dade County," the evidence set forth in the affidavits was not "sufficient to establish the *substantial* inconvenience or *undue* expense which the law requires [and] [a]ccordingly, a transfer of venue is not warranted here." (emphasis in original). This appeal followed.

II.    STANDARD OF REVIEW

6

An order denying a motion to transfer venue under section 47.122, Florida Statutes, is reviewed for an abuse of discretion. Hyatt Corp. v. Howarth, 678 So. 2d 823, 823-24 (Fla. 3d DCA 1996). In reviewing such decisions, we have cautioned:

> The trial court's discretion is abused "only where no reasonable [person] would take the view adopted by the trial court." Canakaris v. Canakaris, 382 So. 2d 1197 (Fla. 1980). . . . We may not, under the abuse of discretion standard, simply supplant this decision with this court's preference on a de novo review of the same venue factors.

Id. at 824 n.1. Where "the record contains a logical basis for the exercise of [the trial judge's] discretion," there is no abuse of discretion. Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983); accord Canakaris, 382 So. 2d at 1203.

III.   ANALYSIS

Initially, we note that all the parties agree that venue is proper in both Miami-Dade and Collier counties. "[W]here venue is proper in more than one county, the choice of forum rests with the plaintiff." P.V. Holding Corp. v. Tenore, 721 So. 2d 430, 431 (Fla. 3d DCA 1998). Section 47.122, however, authorizes a court to "transfer any civil action to any other court of record in which it might have been brought" for "the convenience of the parties or witnesses or in the interest of justice." While the three elements of this statute are in the disjunctive and thus a change in venue could arguably be based on any of them, this Court has held that "[o]f the three statutory factors—convenience of the

7

parties, convenience of the witnesses, and interest of justice—the most important factor is the convenience of the witnesses." Cooper Tire & Rubber Co. v. Estate of Chavez *ex rel.* Hernandez, 8 So. 3d 1157, 1159 (Fla. 3d DCA 2009).

As the trial court correctly found, in order to successfully challenge the plaintiff's forum selection, "'the burden is upon the defendant to show either substantial inconvenience or that undue expense requires a change for the convenience of the parties or witnesses.'" R.J. Reynolds, 147 So. 3d at 43 (emphasis omitted) (quoting Gov't Emps. Ins. Co. v. Burns, 672 So. 2d 834, 835 (Fla. 3d DCA 1996)). "This requires the defendant to come forward with record evidence to support a transfer." Id. at 43 (emphasis omitted) (citing Burns, 672 So. 2d at 835). It is therefore incumbent on the party seeking transfer "'to submit affidavits or other evidence that will shed necessary light on the issue of the convenience of the parties and witnesses and the interest of justice.'" Cardelles v. Catholic Health Servs., Inc., 14 So. 3d 1025, 1027 (Fla. 4th DCA 2009) (quoting Wynn Drywall, Inc. v. Aequicap Program Adm'rs, Inc., 953 So. 2d 28, 30 (Fla. 4th DCA 2007)). We find that the trial court did not abuse its discretion in concluding that the Appellants failed to meet their burden.

"'[I]n order for a court to consider the convenience of the witnesses, the court must know who the witnesses are and the significance of their testimony.'" R.J. Reynolds, 147 So. 3d at 45 (quoting Brown & Williamson Tobacco Corp. v. Young, 690 So. 2d 1377, 1379 (Fla. 1st DCA 1997)); see also Foster Marine

8

Contractors, Inc. v. S. Bell Tel. & Tel. Co., 541 So. 2d 114, 114 (Fla. 4th DCA 1989) ("[Defendant must also] show[] the *subject matter* of the various witnesses' testimony (to wit: the *quality* of the testimony versus the *quantity* of the testimony).""(emphasis in original)). It is therefore important for the trial court to know whether the witnesses identified are key or material witnesses. See Hu v. Crockett, 426 So. 2d 1275, 1279 (Fla. 1st DCA 1983) (noting that "since the quality of testimony by a key witness may well outweigh the quantity of testimony by a number of witnesses testifying to relatively unimportant matters," the significance of the witnesses' testimony is relevant to section 47.122). Here, the Appellants failed to establish the identity of the key or material witnesses. Indeed, no record evidence established the identity of the witnesses needed for trial much less the significance of these witnesses' testimony, and the trial court recognized as much at the hearing. Appellants therefore failed to meet their burden by not disclosing information as to the necessity, relevance, or significance of the evidence to be presented by material witnesses at trial. See R.C. Storage One, Inc. v. Strand Realty, Inc., 714 So. 2d 634, 635 (Fla. 4th DCA 1998), quoted with approval by R.J. Reynolds, 147 So. 3d at 44. Moreover, even if all of the individuals listed in the unsworn Notice filed by Marin and KIDZ were presumed to be key or material witnesses, the trial court did not abuse its discretion in concluding that Appellants failed to meet their burden, as none of the Appellants submitted affidavits or other evidence demonstrating how these witnesses would

9

be substantially inconvenienced or that undue expense required a change in venue for the convenience of these witnesses. See R.J. Reynolds, 147 So. 3d at 43.

Although we may have reached a different conclusion were we sitting as the trial court, we may not, under the abuse of discretion standard, supplant our judgment for that of the trial court. "The trial court—with the parties before it and the case having been assigned to its judicial labor—was thus within its discretion to either grant or deny the motion for change of venue." Hyatt, 678 So. 2d at 824 n.1. Here, Appellants failed to show which of the witnesses were key or material witnesses, and further failed to show substantial inconvenience or undue expense that required a change of venue for the convenience of the witnesses. As such, the trial court did not abuse its discretion in denying the motions to transfer.

IV.    CONCLUSION

Based on the record before us, we find that the trial court did not abuse its discretion in denying the motions to transfer venue and affirm the trial court's order.

AFFIRMED.

FERNANDEZ, J., concurs.

SALTER, J. (dissenting).

I respectfully dissent. I would reverse the order denying the motions of all seven defendants to transfer venue to Collier County, where all three plaintiffs reside and the cause of action indisputably arose. Section 47.122, Florida Statutes (2016), "Change of venue; convenience of parties or witnesses or in the interest of justice," plainly applies to a case such as this.

Facts and Procedural History

The following are allegations of fact in the complaint filed in the circuit court in Miami-Dade County in April 2016. In November 2014, six day-old Pedro Garcia was taken by his mother to the emergency room at Physicians Regional Medical Center in Naples, Collier County, Florida, based on the infant's vomiting. The child was seen by Dr. Mujica there and discharged "without any meaningful diagnosis" less than two hours after arrival at the emergency room.

Not quite three weeks later, the infant continued to vomit a "bilious emesis," and his mother took him to see Dr. Marques, a pediatrician, at his medical office in Collier County. Dr. Marques advised the child's mother to follow up in a month with Dr. Marin, a pediatric gastroenterologist, at Dr. Marin's office in Collier County. Pedro's mother made an appointment with Dr. Marin only eight days later

11

at her office in Collier County. After two more such visits to Dr. Marin's office, the child's mother returned with him to the emergency room at Physicians Regional. Ultimately the child's conditioned worsened, x-rays of his gastrointestinal system were obtained, and he was diagnosed with a twisted intestine.

The child was airlifted by helicopter to a children's hospital in Broward County, where he was treated. Ultimately, he had five surgeries, with large portions of his small intestine removed and a port and feeding tube inserted in his chest. His parents, Jesus Garcia and Norma Cisneros, allege that as a result of the acts, omissions, and injuries alleged in the complaint, the child has become disabled and suffered damages (and will continue to sustain damages), in addition to the separate damages suffered, and expenses incurred, by the parents themselves. The parents retained counsel in Broward County and Miami-Dade County, who served a notice of intention to initiate litigation and then filed the complaint.

All seven defendants filed motions to transfer venue from Miami-Dade County to Collier County under section 47.122 and affidavits in support of those motions. The plaintiffs, residents of Collier County, opposed the motions. The trial court denied the motions, apparently based on the following assessments of the record:

> There are three corporate Defendants in this case. One, KIDZ Medical Services, Inc. ("KIDZ"), has its principal place of business in Miami Dade County. The other two, Naples HMA, LLC, and Quail

12

Emergency Physicians, LLC, are foreign corporations and do not reside in Collier County. None of the corporate Defendants have submitted evidence regarding substantial inconvenience or undue expense. KIDZ did submit an affidavit (of George MacConnell, Esq.) in support of its motion; however the affidavit does not address substantial inconvenience or undue expense.

Two of the three individual Defendants, Ofelia Marin, M.D., and Jorge Mujica, M.D., submitted evidence, in the form of affidavits. The sole evidence of substantial inconvenience and/or undue expense is contained in those two affidavits.

Dr. Mujica's affidavit states that if required to travel to Miami for trial, he would be inconvenienced by losing income and not being able to see patients and by not being able to spend time with his family. In addition, Dr. Mujica claims that the cost of a staying in a hotel during the trial would be an undue expense for him [sic].

Dr. Marin's affidavit states that traveling to Miami for trial would cause substantial hardship for her because it would prevent her from seeing patients before or after court.

The trial is estimated to be between seven and ten trial days. Most of Plaintiffs' witnesses reside either in Broward County or out of state.

Based on these conclusions, the trial court found evidence that there would be "*some*" inconvenience involved if trial proceeds in Miami-Dade County, but not "*substantial*" inconvenience or "*undue*" expense [original emphasis], and denied the defendants' motions to transfer venue. This appeal by all of the defendants followed.

<u>Analysis</u>

Our standard of review regarding a ruling on a motion to transfer venue is for an abuse of discretion. <u>R.J. Reynolds Tobacco Co. v. Mooney</u>, 147 So. 3d 42, 43

13

(Fla. 3d DCA 2014). The issue is governed by a statute, however, and "the discretion of the court is not unbridled and must be predicated upon a proper showing of convenience or interests of justice." Taylor v Dasilva, 401 So. 2d 1161, 1163 (Fla. 3d DCA 1981). And while a plaintiff's choice of venue is accorded a presumption of validity, that choice is not a "paramount consideration" that cannot be overcome. P.V. Holding Corp. v. Tenore, 721 So. 2d 430, 431 (Fla. 3d DCA 1998); Hu v. Crockett, 426 So. 2d 1275, 1278 (Fla. 1st DCA 1983).

Section 47.122 commands attention to three considerations: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. The use of the disjunctive "or" in the statute means that any one of those considerations, or a combination of them, may control the outcome. The present case also indisputably satisfies the statute's condition precedent to a motion to change venue: that the transfer must be to a court of record "in which it might have been brought."

Reviewing the record relating to the venue motions:

- All the plaintiffs reside in Collier County.

- Of the seven defendants, three are licensed physicians who live and work in Collier County. One defendant is a professional association formed by one of those physicians, and its only office is in Collier County.

- Defendant Naples HMA, LLC, is a Tennessee limited liability company, but it owns and operates Physicians Regional Medical Center in Naples, Collier County, Florida, where the child was treated.

14

The affidavit of Sherry Coccari, a licensed healthcare risk manager, certified professional in healthcare risk management, and compliance officer for Physicians Regional Healthcare System, establishes that she lives and works in Collier County. Her review of the plaintiffs' medical records at the Naples hospital where the child was treated identified five nurses and two registrars who made entries in the charts; all seven individuals reside and are employed in Collier County.

- Defendant Quail Emergency Physicians, LLC, is a Florida limited liability company with its principal address in Colorado. Quail employed defendant Dr. Jorge Mujica in the emergency department at the hospital in Collier County.

- The only defendant with any relationship to Miami-Dade County, "KIDZ Medical Services, Inc.," is a Florida corporation with its principal address in Miami-Dade County. KIDZ employed Dr. Marin, a pediatrician who lives and works in Collier County, to perform services in that County. Dr. Marin's affidavit established that her practice is in Collier County. Significantly, KIDZ itself is only named as a defendant in Count IV of the complaint, and only on the basis of vicarious liability for the alleged negligence of Dr. Marin in Collier County. KIDZ is not claimed to have committed any wrongful acts or omissions apart from those alleged to have been committed by Dr. Marin.

- All of the alleged acts and omissions claimed as medical malpractice in the complaint occurred in Collier County.

- The witnesses identified by counsel for the plaintiffs did not provide affidavits establishing any basis for venue in Miami-Dade County. Instead, counsel for the plaintiffs filed an affidavit stating that his offices are in Miami-Dade County (though this is irrelevant under the venue statute unless it were to be further established, and it was not, that the lack of qualified Collier County attorneys necessitates, in the interests of justice, the retention of counsel in Miami-Dade). The affidavit of plaintiffs' counsel further stated that his clients "prefer to litigate in Miami-Dade County," but did not say why, and stated that he "expects" that many of the physicians who treated the child in Broward County "will offer material testimony in this case," and that "Miami-Dade County will be a more convenient venue for these

15

physician witnesses than Collier County." Though counsel listed 39 such witnesses, none of them provided an affidavit or direct testimony regarding their residence, their amenability to a trial in Naples versus Miami, or their willingness to provide videotaped testimony for use in Collier County.

The individual defendants and the nursing staff for the hospital described in their affidavits the disruption to their medical and nursing practices, and the expense and inconvenience of a lengthy trial in Miami-Dade County as opposed to Collier County. The plaintiffs could not and did not provide such an affidavit, of course, because they are residents of Collier County.

Addressing the "interest of justice," another aspect of venue concerns the allocation of scarce judicial resources, particularly juries, as between Miami-Dade and Collier County. See E.I. DuPont De Nemours & Co., v. Fuzzell, 681 So. 2d 1195, 1197–98 (Fla. 2d DCA 1996).[2] This Court, too, has relied on section 47.122 and the "interest of justice" to support the transfer of a case to another County upon a finding that "a Dade County jury, which is both a scarce and precious resource, should not be burdened with determining a case that has no connection with Dade County." Westchester Fire Ins. Co. v. Fireman's Fund Ins. Co., 673 So.

---

[2] In that opinion, the Second District observed that "[t]here is nothing in this case to connect this cause of action to Polk County other than the fact that the [plaintiffs'] lawyer has an office in Polk County," before reversing the trial court and directing it to grant the defendants' motion for change of venue to Lake County (where the majority of the witnesses and the plaintiffs lived). See also Sullivan v. Klein, 691 So. 2d 21, 22 (Fla. 3d DCA 1997) ("the only connection to Dade County is the plaintiff's attorney," reversing denial of a motion to transfer venue).

16

2d 958, 959 (Fla. 3d DCA 1996).

Here, as in Cooper Tire & Rubber Co. v. Estate of Chavez ex rel. Hernandez, 8 So. 3d 1157 (Fla. 3d DCA 2009), the trial court abused its discretion by not transferring the action to the county where the parties live and work and the alleged wrongful acts took place. The nominal defendant, KIDZ, only acted through Dr. Marin in Collier County. Further, no witnesses have been shown to work or live in Miami-Dade County. No basis has been shown to further burden the courts and jurors of Miami-Dade County with this Collier-centric matter.

To paraphrase this Court in two similar cases (appearing to have been brought to Miami-Dade County for the convenience of a plaintiff's attorneys, which does not qualify as a basis to oppose the motion to transfer), "this is a Collier County case which belongs in Collier County." Hall v. R.J. Reynolds Tobacco Co., 118 So. 3d 847, 848 & n.3 (Fla. 3d DCA 2013) (citing Della-Donna v. Gore Newspaper Co., 390 So. 2d 87, 87–88 (Fla. 3d DCA 1980)).

For these reasons, I respectfully dissent and would reverse the order denying the appellants' motion to transfer venue to Collier County.