# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1141
Lower Tribunal No. 22-2251
_____

**John J. Jerue Truck Broker, Inc.,**
Appellant,

vs.

**Alec Prieto, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Luks, Santaniello, Petrillo, Cohen & Peterfriend, and Edgardo Ferreyra, Jr. and Luis Menendez-Aponte, for appellant.

Eaton & Wolk, PL, and Douglas F. Eaton, for appellees.

Before EMAS, SCALES, and LINDSEY, JJ.

PER CURIAM.

Affirmed. See R.J. Reynolds Tobacco Co. v. Mooney, 147 So. 3d 42, 43 (Fla. 3d DCA 2014) ("[A] 'plaintiff's forum selection is presumptively correct, and in order to successfully challenge that selection, *the burden is upon the defendant* to show either *substantial* inconvenience or that *undue expense* requires a change for the convenience of the parties or witnesses.' This requires the defendant to come forward with *record evidence* to support a transfer. (quoting Gov't Emps. Ins. Co. v. Burns, 672 So. 2d 834, 835 (Fla. 3d DCA 2006) (citation omitted))); see also Marques v. Garcia, 245 So. 3d 900, 905 (Fla. 3d DCA 2018) ("[N]o record evidence established the identity of the witnesses needed for trial much less the significance of these witnesses' testimony, and the trial court recognized as much at the hearing. Appellants therefore failed to meet their burden by not disclosing information as to the necessity, relevance, or significance of the evidence to be presented by material witnesses at trial."); Fla. Health Sciences Ctr., Inc. v. Elsenheimer, 952 So. 2d 575, 579 (Fla. 2d DCA 2007) ("Notably, although the affidavits speak broadly about potential witnesses and potentially relevant records, the affidavits are significantly less detailed . . . . Because of the lack of specificity in the affidavits submitted by the [defendant], we cannot say that the trial court abused its discretion in denying the motion to transfer venue under section 47.122.").