# Third District Court of Appeal

## State of Florida

Opinion filed October 30, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-0985, 3D23-0986, and 3D23-0987
Lower Tribunal No. 22-2437

_____

**Imperial Paving, LLC, et al.,**
Appellants,

vs.

**Laura E. Trujillo, etc.,**
Appellee.

Appeals from a non-final order from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Rywant, Alvarez, Jones, Russo & Guyton, P.A., and Michael S. Rywant, Matthew M. Holtsinger, and Carla M. Sabbagh (Tampa), for appellant Imperial Paving, LLC; Mintzer, Sarowitz, Zeris, Ledva, & Meyers, LLP, and Ela M. Hernandez and Gina Romanik Mejia; Carlton Fields, P.A., and Jeffrey A. Cohen and Samuel B. Spinner, for appellants Captain D's LLC, PF Purchaser Corp., and Glenn Wilson.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks, for appellee.


Before EMAS, FERNANDEZ and BOKOR, JJ.

EMAS, J.

In these three consolidated appeals, Imperial Paving, LLC, John S. Odom, and JSO Services, LLC, appeal the trial court's May 3, 2023, nonfinal orders denying their (1) motion to dismiss for improper venue or forum non conveniens; (2) motion to transfer venue based on forum non conveniens; and all related motions of the joining defendants.[1]

Upon our review, see B. Little & Co., Inc. v. Choi Wai Printing (Hong Kong) Ltd., 364 So. 3d 1078, 1080 (Fla. 3d DCA 2023) (noting that an appellate court generally applies an abuse of discretion standard when reviewing a trial court's order denying motion to dismiss for improper venue or forum non conveniens); Port Royal Prop., LLC v. Woodson Elec. Sols., Inc., 305 So. 3d 50, 52 (Fla. 3d DCA 2019) ("[A] trial court's ruling on a motion to transfer venue under section 47.122 is reviewed for an abuse of discretion."); Huber v. Huber, 314 So. 3d 363, 365 (Fla. 3d DCA 2020) ("However, where there are no material facts in dispute and proper venue turns on a question of law, [the Court] review[s] such an order de novo."), we conclude the trial court neither abused its discretion nor committed any

---

[1] The three appellants are defendants in the action pending in the lower tribunal. There are a number of additional defendants in the pending action, including Captain D's, LLC, PF Purchaser Corp., Glenn Wilson, Efrain Sanchez, Ruben Sanchez and T. Disney Trucking and Grading, Inc., who joined in the relevant motions and who are aligned as appellants in these consolidated appeals.

error of law in denying appellants' motions. See R.J. Reynolds Tobacco Co. v. Mooney, 147 So. 3d 42, 43 (Fla. 3d DCA 2014) ("As this court has already confirmed, 'a plaintiff's forum selection is presumptively correct, and in order to successfully challenge that selection, **the burden is upon the defendant** to show either **substantial** inconvenience or that **undue expense** requires a change for the convenience of the parties or witnesses.' This requires the defendant to come forward with record evidence to support a transfer.") (alteration in original) (quoting Gov't Emps. Ins. Co. v. Burns, 672 So. 2d 834, 835 (Fla. 3d DCA 1996) (additional citation omitted). See also SMA Behav. Health Servs., Inc. v. Loewinger, 355 So. 3d 988, 989 (Fla. 3d DCA 2023) (noting that, when considering granting or denying a motion to dismiss, or transfer venue, pursuant to forum non conveniens, courts should consider three factors: "(1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice." (quoting Ford Motor Co. v. James, 33 So. 3d 91, 92-93 (Fla. 4th DCA 2010)).

     Affirmed.